ZADOCK SASSCER *vs.* JAMES YOUNG & JAMES KEMP.—
*December,* 1834.

Where the plaintiff levies his execution upon the defendant's real property, and after several writs of *vendi* successively issued, the sheriff, by the order of the plaintiff's attorney, returned the *vendi* "not sold by order of the plaintiff's order," and no further steps had been taken; this state of the the fact will not authorise the security of the defendant in the appeal bond, which had been given upon the appeal taken from the original judgment at law, to apply to a court of equity for an injunction to stay proceedings against such security founded upon a judgment on the appeal bond against him.

A creditor by making a *new agreement* with his debtor, inconsistent with the terms of the original agreement, or any alteration in those terms, or in the mode or the time of performing them, without the assent of the surety of such debtor, thereby discharges the surety.

A creditor may forbear during his pleasure the rigorous prosecution of his demand, and may accordingly remain inactive, reposing upon the faith of the security he has taken.

A security who has become chargeable by a forfeiture of a contract, or its non-performance by the principal, in the manner, and at the time agreed upon, may insure a prompt prosecution, either by discharging the obligation, or becoming by substitution entitled to all the remedies possessed by the creditor, or he may coerce the creditor to proceed by an application to a court of equity.

It is a general rule, that where parties have had an opportunity to use a particular state of facts as a defence at law, courts of equity will not relieve upon the ground that by neglect or accident it was not made use of, or failed on being attempted.

Where a suit was brought by plaintiffs as executors, and they recovered judgment, and then revived the same judgment by *scire facias* as executors, from which an appeal was prayed, and an appeal bond executed to the plaintiffs as executors, and judgment was obtained upon such bond by one of the original plaintiffs as surviving executor, it is too late for the surety in the bond to insist in equity that the plaintiffs never were executors, or sued upon letters granted by a foreign jurisdiction.

APPEAL from the equity side of *Prince George's* county court.

The present bill was filed by the appellant on the 27th of November, 1833, for an injunction, and general relief against a judgment in favor of *Young,* one of the appellees,

rendered by the *court of Appeals* at June term, 1833, against the appellant, as one of the sureties of the other appellee, *Kemp.*

In addition to the facts charged in the bill, as stated by the judge who delivered the opinion of the court, there is the following allegation. "That the said executors, if they have never received the money, have lost it by their own negligence; for after taking sufficient to discharge the debt, they have grossly neglected to have it sold, and have in fact by their attorney directed it not to be sold."

Upon the coming in of the answer of *Young*, the injunction which had been previously granted was dissolved. And from the order of dissolution an appeal was prayed, and granted, under the provisions of the act of 1832, *ch.* 197.

The argument in this court was had before BUCHANAN, Ch. J., DORSEY, and CHAMBERS, J's.

*Johnson,* and *T. F. Bowie,* for the appellant, contended,

1. That the bill made a proper case for equitable interposition, and as the answer does not deny that case, but relies on the introduction of new matter, the injunction should have been continued until the final hearing. 1 *Harr. and Gill,* 81. 4 *Johns. Ch. R.* 497. 1 *Gill and Johns.* 270.

2. That by waiving the execution against *Kemp,* the principal, which is not denied by the answer, the surety was discharged. 2 *Swanston,* 197. *Theobald,* 143. 4 *Ves.* 832. 2 *Ib.* 539, *note* (1.) 5 *Gill and Johns.* 352. 2 *Johns. Ch. R.* 559. 12 *Mass.* 154. 4 *Ib.* 123.

3. The grounds of relief relied on here would not have constituted a defence at law. The objection to the creditor's right to recover, is not that *he gave time* to the principal, which possibly might be relied on at law; but that he surrendered securities, which is peculiarly a subject for equitable relief. And besides, in the case of *Walker and Sasscer,* 5 *Gill and Johns.* 102, the facts upon which this application is based were decided to be no legal defence.

*Alexander*, for the appellee.

A surety is not discharged by the creditor, or his attorney's directions to the sheriff, not to sell property taken under a *fi fa.* *Planter's Bank vs. Selman*, 2 *Gill and Johns.* 230. *Salmon vs. Clagett*, 5 *Ib.* 314. *Crawford vs. Berry*, 6 *Ib.* 63.

It is not alleged in the bill, that the act complained of caused loss to the surety; but if such allegation had been made, the facts charged would have furnished a defence at law. 5 *Gill and Johns.* 102.

The directions given to the sheriff might have been countermanded at any time; and although not countermanded, it was perfectly competent for the surety to pay the debt, and proceed with the execution for his benefit, as if no such directions had been given. No right or privilege of the surety was in the slightest degree invaded, and consequently he has no reason to complain.

That part of the answer which speaks of the value of the property seized under the *fi fa.* is explanatory of other portions strictly responsive to the bill, and is therefore to be considered upon this motion.

CHAMBERS, J., delivered the opinion of the court.

The bill of complaint in this case alleges, that a judgment was obtained in 1817, by *Young, Emack, and McCormick*, as executors of *Walker*, against *Kemp*, which was afterwards revived by *scire facias* between the same parties, and on appeal to this court affirmed at June term, 1826.

A *fieri facias* issued on this judgment, was levied on certain real property in *Prince George's* county, which not having been sold, "two or three" writs of *venditioni exponas* were successively issued, to the last of which the sheriff returned, "not sold by order of the plaintiff's order," and no further process has since issued.

Upon the appeal to this court, an appeal bond had been executed by *Kemp*, in which *Sasseer* was a surety; and *Emack* and *McCormick*, two of the executors having died,

during the proceedings on the judgment against *Kemp*, suit was instituted on the appeal bond by *Young*, the surviving executor, against the appellant, the security, in which action judgment was obtained in the county court, and affirmed in this court at June term, 1833.

The bill claims relief on the ground, that the order of the plaintiff's attorney, reported in the sheriff's return, and the failure to renew the process, and sell the property taken in execution, has discharged him as a surety.

There is also another ground assumed in the bill in more doubtful terms, and that is, the discovery since the judgment against the appellant, that the letters testamentary to *Young*, *Emack*, and *McCormick*, were either never issued, or if at all, from a court in the *District of Columbia*, and not in *Maryland*.

An injunction issued upon this bill to stay proceedings upon the judgment against *Sasscer*.

The answer of *Young* admits the rendition of the judgments, the issuing of the *fieri facias*, seizure of the property, and the issuing of the writs of *venditioni exponas*, and return as stated in the bill, alleging however, that the defendant, *Kemp*, had no title or interest in the property, but that he held it in virtue of a contract of sale, and that the vendor had sold it on a judgment for the purchase money. It also admits, that the letters testamentary were issued in the *District of Columbia*.

The court upon this answer ordered the injunction to be dissolved, and an appeal from that order has been prosecuted under the act of 1832, *ch.* 197. We are therefore to consider whether there has been error in the court in dissolving the injunction.

We will first dispose of the objection to the letters testamentary. The original suit was instituted, and prosecuted to judgment, by *Young*, *Emack*, *and McCormick*, as executors. The *scire facias* was issued, and prosecuted to judgment by the executors. The appeal bond was executed to them as executors. The action on that bond was insti-

tuted and prosecuted to judgment against the appellant by *Young*, as surviving executor, and in all this period of sixteen years, no exception is taken to the rightful authority conferred by these letters.

The bill does not set forth the proceedings in the original action against *Kemp*, and indeed there is a great dearth of information as to the dates even, of the judgments, executions, or appeal bond, but there must have been a profert of the letters in the first suit, and a plea of *ne unques* executor would have been a complete bar if the facts now alleged had been proved.

No practice or principle can justify the court now to interpose its equitable powers on this ground.

Do the facts then disclosed in the bill entitle the appellant to relief? The question is proposed in this form, because without stopping to determine how far the want of title or interest in the property alleged in the answer is new matter as contended for, we will allow the appellant the full advantage of the objection, by taking all the facts in the bill as the foundation of our opinion. In like manner we forbear to express an opinion upon the propriety of applying to this case the rule, which however, it may be subject to rare exceptions, may certainly be considered a general rule, that where parties have had an opportunity to use a particular state of facts as a defence at law, courts of equity will not relieve upon the ground, that by neglect or accident it was not made use of, or failed on being attempted.

The principle is perfectly settled, that the creditor by making a new agreement with his debtor, inconsistent with the terms of the original agreement, or any alteration in those terms, or in the mode or the time of performing them, without the assent of the surety of such debtor, thereby discharges the surety.

It does not, however, violate the language or the policy of this rule, to allow the creditor to forbear during his pleasure the rigorous prosecution of his demand, and a creditor may accordingly remain inactive, reposing upon the faith of

the security he has taken.   The security having become chargeable by a forfeiture of the contract, or its non-performance by the principal, in the manner and at the time agreed upon, may ensure a prompt prosecution, either by discharging the obligation, and becoming by substitution entitled to all the remedies possessed by the creditor, or he may coerce the creditor to proceed by an application to a court of equity.   These are his privileges ; and if the creditor by transferring a collateral security or fund, by an agreement for extended credit, or an altered mode of performance, puts it out of his power to substitute the surety to all the rights he held, and the means of enforcing them ; or assumes an obligation which will restrain his proceeding, when at the instance of the surety, a court of equity shall require it, then the surety must be injured or discharged.   The law dischages him.

The bill now before us makes no case for relief, according to the principles stated.   It sets forth no agreement with the principal.   It states no conditions imposed or attempted to be imposed upon the surety, altering the nature of his engagement, or the mode, or time of performing it, nor does it aver, that there ever was a period when the privilege to pay the debt himself, or to apply to a court of equity would not be successfully employed, to ensure a prompt pursuit of the principal.

The order to the sheriff was as revocable as would have been his order to his attorney to sue, or not to sue, after placing his claim in his hands, and the surety might at any time have paid off the debt, and pursued the property as a substituted plaintiff against the principal.   It did not tie up the hands of the creditor.   It was no settled agreement—not an obligatory contract.   *Orme vs. Young*, 2 *Holls. N. P. Cases*, 84.  *Huntt vs. U. States*, 1 *Gallison*, 32.    *Theobald*, 80, 81.

The position of the appellant's counsel, that the creditor was bound to discharge the incumbrance, if any, upon the land, is altogether untenable.   He was satisfied with the

personal responsibility of the appellant. As it was the interest, so it was the duty of a prudent surety to look to that matter. Such a doctrine would compel a creditor to make an advance to improve a security, with which he is abundantly satisfied, for the sole purpose of relieving the surety, from the precise risk he had assumed.

It was also urged, that loss to the security occasioned by the order to return the property unsold, is charged, and relied on in the bill. But it is not sufficient to allege a loss, without imputing it to some act inconsistent with the relations of the parties. Loss may, and often does, occur from delay to prosecute suit, and from delay to execute after judgment. The surety has the privilege of hastening the creditor to avoid this loss, and if he fails to use his privilege, he comes too late, when he asks that the consequences of his neglect shall be visited upon the creditor. The property seized was real property; all the title and interest of the principal was bound by the judgment, and the sheriff could only have sold that interest. The bill discloses nothing which forbids us to suppose, that the same interest may yet be sold. It is then a case of delay, against which the surety made no resistance, not even by a personal request to the creditor, insisting upon a rigorous prosecution, which according to some of the decisions in *New York*, would have availed the surety. 13 *Johns.* 384. 17 *Ib.* 391. We feel bound however to say, that we cannot accord in the doctrine of those cases, not having found them sustained in any decisions, *American* or *English*.

The case is clear of fraud. The bill does not charge it, and in the absence of facts to justify the injunction, we think the order of dissolution correctly passed, and therefore affirm it.

**ORDER AFFIRMED.**