## JOHNSON *vs.* FLINT.

[ACTION ON APPEAL BOND AGAINST SURETIES.]

1. *Discharge of sureties on appeal bond by agreement between parties to appeal.*—An agreement between the parties to an appeal pending in the supreme court, entered into without the knowledge or consent of the sureties on the appeal bond, to the effect that the judgment should be affirmed for a specified amount, at the costs of the appellant, and that the property in controversy should belong to him, discharges the sureties from liability on their bond.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THIS action was brought by P. D. Flint, against Francis M. Johnson and David Stodder, and was founded on an appeal bond, which was executed by the defendants as the sureties of one Robert S. Kirk, and conditioned as follows: "Whereas the above bound Robert S. Kirk has applied for and obtained an appeal, returnable to the January term, 1857, of the supreme court of Alabama, to supersede and reverse a judgment recovered by the said P. D. Flint against him, at the May term, 1856, of the city court of Mobile, for $3,710 19, besides costs; now, if the said Kirk shall prosecute to effect his said suit in the supreme court, and shall pay and satisfy such judgment

as the supreme court shall render in the premises, then this obligation to be null and void," &c. The breach alleged in the complaint was in these words: "That said suit being brought before the supreme court of Alabama, in pursuance of the condition of said bond, said court, at its June term, 1857, rendered judgment against said Kirk, for the sum of $3,332 19, which said judgment the said Kirk has wholly refused to pay and satisfy; whereby the defendants became liable to pay said plaintiff the amount of said judgment of said supreme court, which they have wholly failed to pay and satisfy; to plaintiff's damage as aforesaid."

The defendants filed two special pleas, which were in the following words:

"2. For further plea in this behalf, the defendants say that, after said cause recited in said bond had been appealed, as therein stated, and was pending in the supreme court, and before the hearing thereof, the said P. D. Flint, plaintiff, and said R. S. Kirk, the principal in said bond, at Montgomery, to-wit, on the 6th June, 1857, made and entered into a contract and agreement, of which the following is a copy:

'R. S. Kirk ⎫ It is agreed in this case, that judgment
    vs. ⎬ be affirmed on the following terms: Four
P. D. Flint. ⎭ hundred dollars shall be deducted from the verdict, and the judgment shall be affirmed for *twenty* (?) three hundred and thirty-two 19-100 dollars, with interest thereon from the time of its rendition, that is, the rendition of the verdict; no other damages, however, to be allowed. It is further agreed, that the saw and grist-mill, boilers, machinery, &c., be the property of Kirk, the defendant, and that Flint will deliver them to him, when called for, at the mills where they are; the affirmance to be at the cost of Kirk; and if the mills should be burned up, after this time, without the default of Flint, the loss shall be Kirk's.'

"And the defendants further say, that at the instance of said Kirk and Flint, and without argument or consideration, the said supreme court entered judgment on said contract as follows," &c., (setting out the judgment;)

"and that no other judgment or consideration of said cause was had in said appeal case, but the same was determined as aforesaid. Now these defendants say, that they were only the sureties of said Kirk on said bond; that said agreement, with the proceedings thereon in said court, was in the absence of these defendants, and without their knowledge or consent; wherefore they say that said appeal was not prosecuted according to law and the terms of said bond, by reason of the interference of said plaintiff, and the contract aforesaid with their principal, without their assent, and they are discharged.

"3. And said defendants, for further plea in this behalf, answer and say, that they executed said bond, with the condition aforesaid, as sureties for said Robert S. Kirk, and not in any manner otherwise; that the same was executed by them in the belief and confidence that said judgment, sought to be reversed, was erroneous, and that there was manifest error in the record and proceedings thereof, and that said cause was to be submitted for the consideration and judgment of said supreme court on the questions of law therein involved, according to the law and practice of said court,—which was, that if it appeared to said court that there was error therein, the said judgment should be reversed, and these defendants discharged from the obligation of said bond; and if affirmed, that the said court should render judgment of affirmance against said Kirk, and also against these defendants, with ten per cent. damages, costs and interest. And defendants further say, that after said appeal, the said hearing before the said supreme court was waived by an agreement between said plaintiff and Kirk, and it was agreed, by an agreement entered of record, that a certain special judgment should be rendered by the court, without hearing the questions of law involved; that in pursuance of said agreement, a judgment was rendered by said court, at its June term, 1857, by the special consent of said Flint and Kirk, that four hundred dollars be deducted from the verdict, and that the judgment of said city court be affirmed for thirty-three hundred and thirty-two 19-100 dollars, with interest thereon from the time of the rendi-

tion of the verdict, and that no other damages be allowed; and further, that the saw and grist-mill, boilers, machinery, &c., described in the complaint, be the property of said Kirk; and that said Flint deliver them to him, when called for, at the mill where they were, and that said Kirk pay the costs of the supreme court. And defendants further say, that said judgment of said supreme court was certified to said city court; but that said supreme court did not render any judgment of affirmance as to said sureties, nor for any damages, but rendered judgment as if said judgment had not been superseded, and as in cases of reversal so far as the said sureties are concerned; and they say that said judgment was so agreed to be rendered by said parties, and not in any other manner whatever, and that there was no agreement that said judgment should be affirmed as to said sureties, nor that they should be in any manner subjected to debt, damages, or costs; but said judgment was against said Kirk alone, and so agreed to be rendered, and not otherwise. And defendants say that, by reason of said agreement, said appeal was not tried and determined according to the terms of their obligation, and as provided by law; and that such waiver of trial was by consent of said plaintiff, and without the consent of said defendants; and that therefore the condition of said bond is not broken, and they are not liable to the penalty of said bond, nor any part thereof; all which they are ready to verify," &c.

The court below sustained a demurrer to each of these pleas, and its ruling is now assigned as error.

E. S. Dargan, Geo. N. Stewart, and Jno. T. Taylor, for the appellants, contended that the sureties on the appeal bond were discharged by the agreement set up in the second and third pleas, and cited the following authorities: Burge on Suretyship, 117, 118, 214, 215, 217, 166; Theobald on Principal and Surety, 119, 130, 158, 184; McKay & McDonald v. Dodge & McKay, 5 Ala. 388, and cases there cited; Archer v. Hale, 4 Bing. 464; Whitcher v. Hall, 5 Barn. & Cress. 269; Samuel v. Howatt, 3 Mer. 277; Bacon v. Chesney, 1 Starkie, 182; Eyre

v. Bartrop, 3 Mad. 221; Barker v. Parker, 1 Durn. & E. 287; Boultbee v. Stubbs, 18 Vesey, 19; Bonner v. McDonald, 1 Law & Eq. R. 1; Miller v. Stewart, 9 Wheaton, 680; United States v. Tillotson, Paine's C. C. 305; Miller v. Stewart, 4 Wash. C. C. 26; Rathbone v. Warren, 10 Johns. 597.

ANDERSON & BOYLES, with R. H. SMITH, *contra.*—It is the judgment against the principal which fixes the liability of the sureties, and is, in fact, the evidence of their liability; the condition of the bond being, that Kirk should prosecute his appeal to effect, and pay and satisfy such judgment as the supreme court should render. Garey .v. Frost & Dickinson, 5 Ala. 638; *ib.* 663; 3 Ired. L. 91; 1 La. Ann. 122; 4 Munford, 326; 1 Murph. 408; 3 J. J. Mar. 375. The liability of the surety is accessorial to that of the principal. If the principal has a defense, but waives it, the surety cannot take advantage of it. 9 Ala. 46; 16 Ala. 640. A valid judgment was rendered against the principal. The fact that the sureties were not parties to it, while it may prevent the plaintiff from suing out execution against them, does not affect their liability on the bond. The terms of the bond are sufficiently comprehensive to include whatever judgment the supreme court might render, whether by agreement, upon confession of errors, or on argument. If the court, of its own motion, had rendered judgment for less than the amount of the superseded judgment, the sureties would not have been thereby discharged; and the fact that their principal consented to the rendition of such judgment, cannot affect their liability. The question is, whether the agreement enlarged, extended, or materially changed the liability of the sureties; if it did not, they are not discharged.

R. W. WALKER, J.—The appellants were the sureties of Kirk on an appeal bond, the condition of which was, that Kirk shall " prosecute to effect his suit in the supreme court, and pay and satisfy such judgment as the supreme court shall render in the premises." The obligation of

the appellants was for the performance of certain acts by a third person. In reference to obligations of this description, it is a well settled principle, that if the non-performance of the stipulated acts was occasioned by the conduct of the creditor, or was the result of an agreement between him and the principal obligor, the sureties are discharged.

This plain principle is conclusive of this case. The principal obligor was prevented from proceeding in the attempt to prosecute his suit to effect, by the agreement entered into between him and the obligee, without the knowledge or consent of the sureties. By thus interfering, and becoming a party to an agreement binding Kirk not to prosecute his appeal, Flint must be held to have waived the obligations in his favor imposed on the sureties by the terms of their bond.

The sureties guarantied the performance by their principal of a particular contract, and engaged for nothing more. Without their consent, and by an agreement between the creditor and their principal, in which mutual advantages are secured to each other, the contract into which the sureties entered has been varied. Now, nothing is more clear than that the surety will be discharged, at common law, in all cases where his responsibility is merely for the fulfillment by another of a contract which has been varied, without the consent of the surety, before a breach has occurred. In such case, the new or substituted obligation is not that which the surety undertook should be performed; and the party who seeks to make him liable for the breach of the original agreement, has, by his own act, prevented, or, at least, waived its performance, by binding the principal obligor to do something else, in the place of that for which the surety stipulated. 2 Am. Lead. Cas. 284; Watriss v. Pierce, 32 N. H. 560; Woodcock v. Oxford Co., 21 Eng. L. & Eq. 289; Sasseer v. Young, 6 G. & J. 243; McKay & McDonald v. Dodge & McKay, 5 Ala. 388.

In the Trustees of Section 16 v. Miller, 3 Ohio, 261, the obligation of the defendant was for the performance by a tenant of certain stipulations in his lease during the continuance of the term; and the defense was, that the

plaintiffs had entered upon and dispossessed the tenant for a breach of condition, before the period at which the stipulations in question were to have been fulfilled. The court held, that as by the terms of the contract, which was to be performed on the land, the tenant had the whole term for its fulfillment, and, by the entry of the plaintiffs, performance had been rendered impossible, they were not entitled to recover for the breach. In the course of the opinion, the court thus stated the principle which controls this case: "If he who is to be benefited by the performance of a contract, is the cause why it is not performed, the contract is dissolved, and the party bound is discharged from his obligation, and will be in the same situation as if he had performed it."

In Bowmaker v. Moore, 3 Price, 214, an injunction was granted, to restrain a landlord from proceeding at law against the sureties of the tenant on a replevin bond, because there had been (without the consent of the sureties) an agreement between the landlord and tenant to refer the matters in difference, whereby the performance of the condition of the bond (to proceed with effect) had been suspended. In that case the court said: "This question lies in a narrow compass. The bond was, of course, conditioned that the principal should prosecute his writ with effect against the landlord. The action of replevin is in fact entered; but afterwards an agreement was entered into between the landlord and the tenant, without the concurence of the surety, whereby the tenant is precluded from proceeding according to the condition. By that agreement, a mode is chalked out for ascertaining and arranging their mutual demands, and in the meantime all proceedings are to be stayed; so that the tenant is restrained, by the act of the landlord, from doing that which his surety engaged he shall do. It turns out, indeed, that the same parties afterwards agreed that the action shall proceed, so as to give the landlord his original remedy against the surety; but that is what we cannot suffer after what has been done. When the agreement of reference was executed, the bond, as against the surety, was *functus officio*."

In the present case, before any breach had taken place in the condition of the bond, the creditor and the principal, without the consent of the sureties of the latter, entered into a new agreement, founded upon a sufficient consideration, by which they stipulate for mutual advantages to each other. The benefit secured to Kirk by this agreement was, that a certain mill and machinery were to be his property; while, on the other hand, he was by it precluded from making any effort to perform the act for which his sureties had become bound—namely, the prosecution of his suit in the supreme court to effect. No matter how numerous the errors disclosed by the record in that case, this new agreement effectually prevented their correction by this court.

If there had been nothing beyond simple non-action on the part of Kirk—a mere waiver of his rights, or a failure to assign or insist upon errors—the sureties would be without defense. But the judgment which he has failed to satisfy was not the result of his simple failure to prosecute his suit, or of his waiver of his rights in the appeal; but was, on the contrary, the direct consequence of a valid agreement, which would have been broken if he had made any attempt to prosecute his appeal to effect. This is the substantial distinction between this case and all of those cited by the counsel for the appellee.

Judgment reversed, and cause remanded.