NEW IDEA SPREADER COMPANY, APPELLANT, V. WALTER E. BROWN ET AL., APPELLEES.

FILED JULY 19, 1935. No. 29095.

*Halligan, Beatty, Halligan & Maupin* and *Gerald J. Mc-Ginley*, for appellant.

*Bruce K. Lyon, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and MUNDAY, District Judge.

MUNDAY, District Judge.

This action was brought upon an undertaking given on an appeal from the county court of Perkins county.

In the action where the appeal bond was given, the appellant and plaintiff herein, the New Idea Spreader Company, was plaintiff, and the defendant Brown herein was also defendant in that action. The appellee and defendant Whipps herein was the surety on said appeal bond. The appeal in that action was not heard in the district court, but in pursuance of a stipulation between the parties in the original action, the appeal was dismissed by the district court. The stipulation and the order of dismissal are hereinafter set out.

In the case at bar the defendant Whipps filed a general demurrer which was sustained by the court, and the plaintiff elected to stand on its amended petition and the court

entered an order dismissing the suit. The plaintiff has appealed from that order.

The amended petition set forth: That the plaintiff is a corporation; the recovery of a judgment on March 21, 1932, in Perkins county by the plaintiff against the defendant Brown in the sum of $444.42 with interest at 8 per cent. per annum from that date, and costs in the sum of $9.90; the taking of an appeal to the district court for Perkins county by Brown and the execution and approval of the bond sued on, which is the usual statutory bond and is set out in the transcript; the docketing of that appeal in the district court for Perkins county on April 21, 1932; that the defendant Brown did not plead thereafter in the district court; the filing in the district court for Perkins county upon September 28, 1932, of the following stipulation, viz. (omitting title and signatures):

"Comes now the parties to this action, the New Idea Spreader Company, a corporation, plaintiff, and Walter E. Brown, defendant, and hereby stipulate that the appeal of the defendant taken to the district court for Perkins county, Nebraska, from the county court of Perkins county, Nebraska, may be dismissed as of this date with expenses of said appeal taxed to the defendant.

"It is further stipulated by and between the parties hereto that in consideration of the dismissal of said appeal by the defendant Walter E. Brown that the plaintiff herein, the New Idea Spreader Company, a corporation, will withhold issuing execution upon the judgment obtained in the county court of Perkins county, Nebraska, against the defendant until January 1, 1933."

The petition further alleged the order of said district court made on September 28, 1932, in the following words: "September term, September ――, 1932, appeal dismissed by stipulation of parties;" the issuance of an execution on January 1, 1933, upon said judgment against the defendant Brown and its return by the sheriff unsatisfied for want of property; that Brown and Whipps in

executing said bond both became principal obligors for payment of the judgment, and there was prayer for judgment against each defendant.

Whether or not the petition states a cause of action hinges on the effect of said stipulation and order of the court thereon. The appellant contends that the stipulated dismissal of the appeal and the delaying of execution on the original judgment in the county court do not release the surety Whipps upon the appeal bond. The appellee Whipps contends that the stipulation and dismissal exonerate him on the bond.

When the stipulation was filed in the district court, that court made the order as set out above.

The appellant cites several Nebraska cases and sections of the Nebraska statutes holding that the liability of a surety on such an appeal bond is a primary and not a secondary liability. There is no question but that the liability of a surety is as so contended, but that legal proposition is not controlling in this case.

The determination of the appeal appears to depend on whether or not the stipulation filed on September 28, 1932, without the consent and knowledge of the surety, to the effect that the appeal should be dismissed and that execution on the judgment on the original debt in the county court was to be held until January 1, 1933, was made on a good consideration.

The appellant contends that it was not, and urges that in the absence of proof of fraud or collusion, a consideration outside the matter involved in the appeal between the principal debtor and the creditor is necessary, and that there is no such consideration shown by the stipulation and dismissal. The appellee contends that the stipulation and consequent dismissal of the appeal by the district court constitutes a good consideration.

There is no fraud or collusion in the case. Nor is there any allegation in the amended petition that at the time of its execution the appellee consented to or knew of the stipulation or order of the court in pursuance thereof.

To support its contention the appellant relies on the case of *Howell v. Alma Milling Co.*, 36 Neb. 80, and the cases cited therein, and especially the case of *Ammons v. Whitehead*, 31 Miss. 99. In the *Howell* case the suit was on an appeal bond where the appeal had been filed in the district court, and it was there stipulated between the parties, without the surety's consent and knowledge, that another party, who succeeded to the plaintiff's interest in the suit, was to be substituted as plaintiff and the cause continued to a later date, and that in pursuance of the stipulation the court permitted the substitution and the cause was continued. After several continuances by agreement of the parties, judgment was finally entered for the plaintiff. This court held that the Code of Civil Procedure then in force provided for such a substitution and that plaintiff had a right to have such substitution made and a continuance without any stipulation; that such procedure was contemplated when an appeal bond was signed and that the surety knew that the court had such power and that the plaintiff was not in the least prejudiced; that the surety was not placed in a worse position than before the stipulation.

The opinion has this language: "He was not placed in a worse situation, for had there been no substitution Howell could have prosecuted the suit to judgment in the name of the original plaintiff."

As to the continuance of the original suit, the court say: "The fact that the original suit was continued from time to time by agreement, without the consent of the surety, did not operate as a release of the latter, nor did the rendition of the judgment by consent of the principal in the bond have the effect to discharge the surety from liability. The court had the power to grant the continuances irrespective of the agreement of the parties. Had it done so on the application of either party without the consent of the other, the surety would have been bound, since his undertaking contemplated a possible exercise of such power."

It is therefore clear that the *Howell* case is not in point in the case at bar as there is no question as to substitution or continuance in the district court involved. Nor is the case analagous to the case at bar. The substitution of parties and continuances of cases are matters within the power of the district court irrespective of any agreement of the parties. Also in the *Howell* case the substitution of parties and the continuances were made while the case was pending in the district court. In the case at bar the only action in the district court was the dismissal of the appeal in pursuance of the stipulation. The stipulation was to further be carried out elsewhere and independent of the matters involved in the appeal. The stipulation related to the delay of appellant to collect the original debt which was in judgment in the county court. This was an independent consideration outside the matters involved in the appeal. The holding in the *Howell* case is correct under the facts in that case.

This court some time later than the *Howell* case had the question of a release of surety before it in the case of *Wabaska Electric Co. v. City of Blue Springs,* 84 Neb. 577. It appears in this case that the parties stipulated that the judgment of the lower court should be entered in the district court and that the appellee waived full payment of electric light service for a time which was at a date later than that included in the suit. The court held that the stipulation between the parties to the appeal pending in the district court, without the knowledge or consent of the surety, to the effect that a judgment might be entered against the appellant for a specified sum, with costs, based upon a valuable consideration moving to each of the parties outside of the matters involved in the appeal, operated as a release of the surety on the appeal bond. The court in discussing what the consideration to each party was under the above stipulation used the following language:

"It appears that, while the cases were pending in the district court, the plaintiff and the defendant city entered

into the stipulation above mentioned, by which the city consented that judgment be entered in that court the same as in the court below, with interest added, for a valuable consideration, viz., the relinquishment by the plaintiff of a claim for 21 months' electric light service to the city. If plaintiff was willing to yield so large a claim, it seems reasonable that it must have been on account of some inherent weakness in its cases then pending before the district court. For the purpose of getting the judgments affirmed in that court, the plaintiff waived its aforesaid claim and consented to surrender its franchise. So far as the surety was concerned, the effect of that agreement was to credit the city with the value of that claim upon the judgments which it had appealed from the county court."

Thus in the *Wabaska* case the appellant received the release of the plaintiff's claim for electric service. The appellee for the purpose of getting the judgment affirmed in the district court waived its claim, which may have been on account of some inherent weakness in its case pending before the district court. Whatever it was, this court held that it received a consideration in getting its judgment affirmed. This case was in the district court and the judgment was entered in the district court, which is not a fact in the case at bar.

In the case at bar the principal debtor received an extension of time of payment of the judgment of the county court of several months without giving a stay bond. Also in the instant case the original appellee received the same as the appellee did in the *Wabaska* case, i. e., that it recovered a judgment; also it had a judgment in another court reinstated on the original debt, probably because of some inherent weakness in its case pending before the district court. Therefore the consideration received by the appellees in the case at bar was independent and outside the matter involved in the appeal. This holding of this court is in accord with principle and authority. The surety on the appeal signed an appeal

bond conditioned "that the appellant will prosecute his appeal to effect, and without unnecessary delay, and that said appellant, if judgment be adjudged against him on the appeal, will satisfy such judgment and costs." The surety was entitled to have the contract of the principal debtor preserved and the debtor has no right to stipulate, without the surety's consent, to vary its terms, if the surety is to be held liable.

*Kendall v. Grice,* 1 Mackey (D. C.) 279, 47 Am. Rep. 243, is a case where an agreement was entered into whereby the plaintiff recovered possession of real estate and the payment of $175 for rent and damages, and a stay of execution on the judgment against the defendant was agreed upon for 30 days from date. The rule is stated as follows:

"The engagement of the surety is not to be enlarged or varied without his consent. Any agreement to do so by the creditor is an attempt on his part to make for the surety a new contract to which he never assented. The time of payment may be quite as important a consideration to the surety as the amount he has promised conditionally to pay. He may have agreed to become responsible, because he then had in his possession property of the principal debtor sufficient to indemnify him against loss. When the time fixed in the contract has passed without notification to him of the default of the principal, he may naturally suppose his liability to be at an end, and thus release the means of reimbursement, to his ultimate loss, if the changed contract is subsequently enforced against him. Again, the surety has the right, on payment of the debt, to be subrogated to all the rights of the creditor, and to proceed at once to collect it from the principal; but if the creditor has tied his own hands from proceeding promptly, by extending the time of collection, the hands of the surety will equally be bound; and before they are loosed, by the expiration of the extended credit, the principal debtor may have become insolvent and the right of subrogation rendered worthless.

It is also well settled that it is unimportant whether the extension given has actually proved prejudicial to the surety or not."

This case cites and approves *Ross v. Ferris,* 18 Hun (N. Y.) 210.

In the *Ross* case there was a stipulation that there would be a judgment of affirmance in the appellate court upon the "condition that execution should not issue upon the judgment to be entered, under six months." The court say:

"It extends the time of payment, which would otherwise be fixed by the judgment. It prevents the sureties, if they should pay the debt, from immediately enforcing the judgment obtained by the creditor, and to which they might be entitled by subrogation."

In *Wingate v. Wilson,* 53 Ind. 78, Wilson recovered judgment and Wingate was surety on the appeal bond filed in the appellate court. In that court, by agreement of parties, judgment was rendered for $80 and costs and no execution was to issue until the expiration of six months. The court puts the rule thus:

"The appellee, by the agreement embodied in the judgment, tied up his hands and deprived himself of the right to issue execution for a month longer than it could have been stayed by replevin bail. * * * It is established by numerous cases in this court and elsewhere, that, if the creditor and the principal make a new contract, based upon a sufficient consideration, for an extension of time for payment, for a definite period beyond that contemplated by the original contract, without the knowledge and consent of the surety, the latter is thereby discharged. The principle, it seems to us, is entirely applicable to this case. If the appellee had not, by the agreement, disabled himself to issue execution for the six months, he might, perhaps, within that time have realized his money, either by a voluntary or coerced payment, and thereby relieved the surety upon the appeal bond from obligation. The agreement for time, it sufficiently appears, was based upon a valid consideration."

See, also, *Quillen v. Quigley,* 14 Nev. 215; *Montrose v. Baggott,* 161 App. Div. (N. Y.) 494.

While the courts are not in agreement on this question, the majority rule seems to be the rule announced by this court in the *Wabaska* case. See 4 C. J. 1286, note 54.

In *Johnson v. Flint,* 34 Ala. 673, there was a stipulation that $400 would be deducted from the verdict of the lower court and the judgment then affirmed with interest, and it was further agreed that the grist mill and other items of personal property would become the property of the defendant in the original suit, and the court said:

"The appellants were the sureties for Kirk on an appeal bond, the condition of which was that Kirk shall 'prosecute to effect his suit in the supreme court, and pay and satisfy such judgment as the supreme court shall render in the premises.' The obligation of the appellants was for the performance of certain acts by a third person. In reference to obligations of this description, it is a well-settled principle that if the non-performance of the stipulated acts was occasioned by the conduct of the creditor, or was the result of an agreement between him and the principal obligor, the sureties are discharged. This plain principle is conclusive in this case. The principal obligor was prevented from proceeding in the attempt to prosecute his suit to effect, by the agreement entered into between him and the obligee, without the knowledge or consent of the sureties. By thus interfering, and becoming a party to an agreement binding Kirk not to prosecute his appeal, Flint must be held to have waived the obligations in his favor imposed on the sureties by the terms of their bond. The sureties guaranteed the performance by their principal of a particular contract, and engaged for nothing more. Without their consent, and by an agreement between the creditor and their principal, in which mutual advantages are secured to each other, the contract into which the sureties entered has been varied."

*Johnson v. Flint, supra,* is approved by this court in the *Wabaska* case.

So in the instant case appellee Whipps signed an appeal bond providing that Brown would do certain acts. This was an obligation that Brown would do those acts. The case could not be prosecuted to effect on account of the stipulation and conduct of the creditor, before any breach in the bond, and the acts for which the surety was pledged, *i. e.*, the prosecution of the appeal in the district court to effect and without delay, could not be performed.

The appellant also contends that, at the time the stipulation was made between the parties and the appeal dismissed in pursuance thereof by the district court, Brown was in default of pleading in the district court, and that appellant would have been entitled to judgment by default, and that the agreement was thus without consideration. We cannot accept this contention as correct. The district court could have permitted the defendant Brown to file a pleading out of time as well as the stipulation. It is a common practice for district courts to permit parties, in default of pleadings, to file pleadings in the case. The record does not show that a motion to take such default had been filed or been asked in the district court. It is a reasonable presumption that, since the stipulation was filed, the appellant would not have been given a default judgment had it asked for one. If so, why was the stipulation made? At least there is no presumption that a default judgment could have been had in the district court and the record does not show the entering of such judgment. The stipulation had the effect, other than heretofore mentioned, of preventing the defendant Brown from making further effort to defend the action in the district court.

The judgment of the district court is right and is

AFFIRMED.