TWICHELL, Ex parte. See Case No. 17,211.

## Case No. 14,286.

### TWICHELL v. MEARS.

[8 Biss. 211; 6 N. Y. Wkly. Dig. 400; 6 Reporter, 40; 10 Chi. Leg. News, 296.] [1]

Circuit Court, N. D. Illinois. May, 1878.

MORTGAGES—EQUITY OF REDEMPTION—PERSONAL LIABILITY OF PURCHASER.

When the payment of an oustanding incumbrance, created by the grantor of the equity of redemption, constitutes part of the purchase money, the law implies an undertaking by the purchaser to pay it, and the mortgagee may recover in assumpsit.

[Cited in Union Mut. Life Ins. Co. v. Hanford, 27 Fed. 591; Middaugh v. Bachelder, 33 Fed. 707; Kilpatrick v. Haley, 13 C. C. A. 480, 66 Fed. 137.]

[This was an action at law by C. A. Twichell against E. A. Mears.]

Kirk Hawes, for plaintiff.
W. E. Furness, for defendant.

BLODGETT, District Judge. This is an action brought on an alleged promise by defendant to pay the amount of a trust deed, in the nature of a mortgage, made by Austin H. Stowell to the plaintiff, on a certain

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 6 N. Y. Wkly. Dig. 400, and 6 Reporter, 40, contain only partial reports.]

·lot in Highland Park. The proof shows that Stowell was the owner of the lot in question, and had borrowed of the plaintiff fifteen hundred dollars, which was secured ·by a mortgage on the lot; that he sold the lot to the defendant on the 15th day of April, 1875, for the sum of three thousand and twenty-five dollars, of which sum the mortgage in question was a part. The deed from Stowell to the defendant was for the express consideration of three thousand and twenty-five dollars, and contained the following clause: "This deed is given subject to an incumbrance of fifteen hundred and seventy-five dollars, secured by a deed of trust, dated October 1, 1874, of which seventy-five dollars is payable in one year, and fifteen hundred dollars payable in two years respectively, from the date hereof; said fifteen hundred dollars bearing interest, at the rate of ten per cent. per annum, payable at the office of Kirk Hawes, in the city of Chicago; which said fifteen hundred and seventy-five ·dollars, with the accrued interest thereon from Feburary 1, 1875, to April 15, 1875, is part of the consideration above named."

It also appears from the evidence that the defendant has paid one year's interest on this incumbrance.

The defendant insists that there is no privity of contract between the parties; that the mere purchase of the equity of redemption, or the purchase of the property subject to the mortgage, did not create such a privity of contract between him and the mortgagee as authorizes the mortgagee to maintain this action against him; that the law will imply no promise from such circumstances. The rule is probably as contended for by the defendant's counsel, that the purchase of an equity of redemption from a mortgagor of real estate, does not make the purchaser personally liable to the mortgagee. But where the payment of an outstanding incumbrance. created by the grantor, constitutes part of the purchase money, the law implies an undertaking by the purchaser to pay it, and the mortgagee may recover in assumpsit. The legal effect of the transaction is, to leave the portion of the purchase money represented by the incumbrance. in the hands of the purchaser for the purpose of paying the incumbrance, and the promise being made for the benefit of the holder of the incumbrance, he may maintain an action to enforce it. This is amply sustained, I think, by Burr v. Beers, 24 N. Y. 178; Comstock v. Hitt, 37 Ill. 542; Garnsey v. Rogers, 47 N. Y. 234; Thompson v. Thompson, 4 Ohio St. 333; Cumberland v. Codrington, 3 Johns. Ch. 229. There is also a series of ·cases in the Pennsylvania state courts to the same effect; but perhaps they would not be considered so much in point as the cases I have quoted, from the fact that they make no distinction between law and equity in that state, and many of the English cases proceed upon the assumption that while there may not be a remedy at law, there would be one in equity. But the cases I have cited are those where the principle is broadly laid down as I have assumed it— that an action at law may be maintained where the mortgage forms part of the consideration. The rule in this state is stated by Justice Breese in Comstock v. Hitt, supra, and I think very happily and tersely stated: "Taking a deed subject to an outstanding mortgage, creates no personal liability of the grantee to pay off the mortgage, unless he has especially agreed to do so, or the amount of the mortgage has been deducted from the purchase price. When the payment of an outstanding mortgage is a part of the purchase price of the land, the law will imply an agreement to pay it." The parol evidence and the deed, in this case, both show that the payment of the mortgage was a part of the consideration which the defendant agreed to pay for the land sold him by Stowell, which facts bring this case clearly within the rule laid down by the supreme court of this state, which I have just quoted. So, too, Chancellor Kent, in Cumberland v. Codrington, supra, says: "The leaving of so much money in the hands of the purchaser for the use of the mortgagee, would seem to be a sufficient ground for a suit at law by the mortgagee."

Other authorities to the same point undoubtedly exist, but it seems to me that these are sufficient to dispose of this case. There will be a finding for the plaintiff.