## UNION MUT. LIFE INS. Co. v. HANFORD and others.[1]

*(Circuit Court, N. D. Illinois.   April 5, 1886.)*

1. STATUTE OF LIMITATIONS—SUIT ON PROMISSORY NOTE, WHEN BARRED.
    Suit on promissory note is not barred, under Illinois statute, until 10 years from maturity of note.

2. MORTGAGE—MORTGAGOR'S PERSONAL LIABILITY, WHEN DISCHARGED.
    Where grantee of mortgagor assumes payment of mortgage debt, and obtains from mortgagee extension of period for payment, mortgagor is discharged from personal liability to mortgagee.

---

[1] Edited by Russell H. Curtis, Esq., of the Chicago bar.

*Swett, Groscup & Swett,* for complainant.
*Fairchild & Blackman,* for defendants.

BLODGETT, J.    This case now comes before the court upon an application for a deficiency decree to be entered against the defendants, Philander C. Hanford, Orrin P. Chase, and Lucy Duncan Fake.    The original bill was for the foreclosure of a mortgage given by the defendants Hanford and Chase to Jacob L. Schureman, bearing date September 9, 1870, upon certain property in the city of Chicago, to secure the payment of three notes: one for $5,000, due in one year from the date of said mortgage; one for $5,000, due in two years from that date,—each of said notes bearing interest at the rate of 8 per cent. per annum; and one note for $6,000, payable in three years from said date, and bearing interest at the rate of 10 per cent. per annum.    Such steps were taken in the suit as that a decree of foreclosure was entered May 10, 1879, finding the amount of the mortgage debt at that time to be $15,881.67, and directing the sale of the mortgaged premises by one of the masters of this court at public auction for the purpose of making the amount of said indebtedness.    At the master's sale, made in pursuance of this decree, the mortgaged premises brought the sum of $12,000, from which, after the payment of costs and expenses, the sum of $11,716.12 was applied upon the mortgage debt, leaving a deficiency of $4,284.65, for which a deficiency decree was entered against the defendants Hanford and Chase, October 27, 1880; afterwards, upon the application of Hanford and Chase, and on the suggestion that the report of the receiver appointed in said case had not been filed, and that there were still funds in his hands to be applied on the mortgage indebtedness, that decree was set aside, with leave to the complainant to apply for a deficiency decree at a future day, whenever the receiver's account should be adjusted.    This account has been adjusted, and shows a balance in the hands of the receiver of $64.49, which should have been applied upon the deficiency shown by the master's report, which would have made the deficiency at that time $4,220.16.    The complainant now moves for a deficiency decree against these defendants, and the defendant Lucy D. Fake.    The defendants Hanford and Chase resist this application, and insist that no deficiency decree can or should be entered against them for the following reasons: *First,* because the statute of limitations has barred the debt as a personal liability; *secondly,* because the complainant has so dealt with the mortgage indebtedness as to release the personal liability of said Hanford and Chase.

As to the statute of limitations, I do not see any good ground upon which this defense can be supported.    The indebtedness was by promissory notes, which are not barred by the Illinois statute until 10 years from the time they mature, the last of which matured on September 9, 1874, and the bill in this case was filed in 1878,

and since that time the case has been in court continuously, and complainant has been seeking a decree—*First*, for foreclosure against the mortgaged premises; and, *secondly*, a personal decree against these defendants; and is not responsible for the delay of the proceeding, and has lost none of its rights by reason of such delay.

It appears from the testimony that, after the making of the notes and mortgage in question, defendants Hanford and Chase, before January 30, 1871, paid the first note of $5,000 mentioned in the mortgage, and on January 30, 1871, Schureman, the mortgagee, sold and assigned the notes and the mortgage to the complainant for a valuable consideration, and duly indorsed the notes, and transferred the mortgage in writing to complainant. It further appears that on September 9, 1872, the defendants Hanford and Chase conveyed the mortgaged premises to Lucy Duncan Fake by their warranty deed of that date, in which deed, immediately following the covenant of warranty, occurs the following clause:

"With the exception of and subject to a certain mortgage or trust deed, bearing date September 9, 1870, made and executed by Orrin P. Chase and Philander A. Hanford to Jacob Schureman, and upon which is, at the date hereof, unpaid the sum of $11,000, and interest from September 9, 1872, which said mortgage or trust deed was assigned to the Union Mutual Life Insurance Company of Boston, Massachusetts, on the thirtieth day of January, 1871, which said mortgage or trust deed, and the notes to which the same is collateral security, made and executed by Orrin P. Chase and Philander C. Hanford to the order of Jacob L. Schureman, it is hereby expressly agreed shall be assumed and paid by the party of the second part."

Prior to making the conveyance to Mrs. Fake, Hanford and Chase had negotiated with Dr. L. D. Boone, the agent of complainant in the city of Chicago, an extension of part of said mortgage indebtedness; so that the $5,000 note, which matured, by its terms, September 9, 1872, was extended to September 9, 1874; and after the conveyance to Mrs. Fake, about September 9, 1873, a further extension was negotiated between the complainant's agent, Dr. Boone, and F. L. Fake, as agent for Mrs. Lucy D. Fake, by which the time for the payment of the two notes, one for $5,000 and the other for $6,000, was extended until September 9, 1875. This extension was obtained without the consent or concurrence of Hanford and Chase, and they now insist that such extension has released them from liability upon the notes, because the complainant has dealt with Mrs. Fake as the principal debtor in the transaction, on her assumption of the mortgage debt, and has by such extension released them from liability.

Defendants Hanford and Chase, in support of their defense, introduce proof tending to show that the property covered by the mortgage diminished greatly in value between the ninth of September, 1874, when the last of the notes fell due under the extension obtained by them from complainant, and the time of filing the bill of foreclosure; and the master has found, as one of the facts in the case, that the value of the mortgaged premises in September, 1874, was from

eighteen to nineteen thousand dollars, while the value of the same premises on April 4, 1879, was from ten to fifteen thousand dollars only.

It is contended by Hanford and Chase that the legal effect of this dealing by complainant with Mrs. Fake was to change their relation to the indebtedness from that of principal debtors to that of sureties, and that, as such sureties, they have become released by the extension of time given to Mrs. Fake, the principal debtor; and the case of *Calvo* v. *Davies,* 73 N. Y. 211, is cited and relied upon in support of this position. I have read this case carefully, and think there can be no doubt that it fully sustains the position taken by these defendants, and the rule established by this case is quoted with approval in Jones on Mortgages, 742. The contrary rule is, however, held in *Corbett* v. *Waterman,* 11 Iowa, 86, and *Waters* v. *Hubbard,* 44 Conn. 340. It seems to me, however, that the case of *Calvo* v. *Davies* is fully sustained by a uniform line of decisions in the New York courts tending to the final conclusion of that case, and the rule of that case may be said to be sanctioned by the better authority. It has been repeatedly held in this court that a mortgagee can maintain an action of *assumpsit* for the mortgage indebtedness, against a purchaser of the equity of redemption who has assumed and agreed to pay the mortgage. *Twichell* v. *Mears,* 8 Biss. 211. I therefore conclude, in the light of these authorities, that the complainant has so dealt with Mrs. Fake as to work a release of Hanford and Chase from their personal liability on the indebtedness, and that no decree for the deficiency should be entered against them.

Complainant is entitled to a decree against Mrs. Fake for the amount of the deficiency, if it chooses to take it.