## MIDDAUGH v. BACHELDER et al.

(Circuit Court, D. Massachusetts. January 30, 1888.)

VENDOR AND VENDEE—MORTGAGED PROPERTY—PAYMENT OF MORTGAGE.

Where vendees buy a piece of mortgaged property for a certain sum, but with no understanding or agreement that they are to pay the mortgage as a part of the consideration, they are not liable to their vendor, the mortgagor, who has been compelled to pay the mortgage debt.

At Law.

*H. G. Nichols* and *C. K. Cobb*, for plaintiff.

*J. N. Marshal*, for defendant.

COLT, J. This case was heard by the court, jury trial having been waived. It appears that on June 26, 1866, the plaintiff made a mortgage note for $1,200, payable to the order of John Dorchester, secured by a deed of trust of certain land situated in Chicago, Illinois, which was duly recorded. Subsequently, on November 19, 1866, the plaintiff conveyed by deed to one of the defendants John Q. A. Bachelder the same premises subject to said mortgage. Some months after Bachelder conveyed the same premises to his brother Cyrus T. Bachelder, the other defendant, subject to the same mortgage. In December, 1878, Dorchester, the mortgagee, brought suit against the plaintiff in the circuit court for Cook county, Illinois, for the amount of said note, and interest, and in November, 1882, judgment was rendered against the plaintiff for $2,407.97, and costs, which judgment was satisfied December 18, 1882.

The present suit is brought to compel the defendants to pay the mortgage debt on the ground of an implied contract arising out of the purchase of the land from the plaintiff. The position taken by the plaintiff is this, that under the laws of the state of Illinois, where real estate upon which there is a mortgage is sold for a given price, and the amount of the mortgage is deducted from the purchase money and left unpaid in the hands of the purchaser, the law treats the amount so deducted from the purchase money as being left in the hands of the purchaser for the purpose of paying the incumbrance, and implies a promise on his part to pay the incumbrance with the portion of the purchase money left in his hands. In the present case, the consideration mentioned in the deed from the plaintiff to Bachelder was $7,891.65, and the deed contained the following provision:

"This deed is given subject to the conditions of two certain trust deeds, the first is given by Henry C. Middaugh to Thos. D. Snyder, dated June 26, 1866, in the sum of $1200, and recorded in the recorder's office of Cook county, Illinois, July 9, 1866; and the second by Henry C. Middaugh to George Scoville in the sum of $2420, dated July 2, 1866, and recorded July 6th in said recorder's office."

The amount of cash paid by Bachelder was $4,000.

This case turns upon the nature of the contract which was made between the parties. If it was a mere purchase for $4,000 of the equity of redemption by Bachelder, then it is clear he is not liable in this suit. On the other hand, if it was understood that the purchase money for the property was $7,891.65, and the amount, after deducting $4,000, was left in the purchaser's hands for the payment of the two mortgages, or if, by the terms of the deed, the purchaser was to pay the mortgages, then the defendant could be held in this suit. The deed appears to be in the ordinary form, and contains no such undertaking on the part of the purchaser. Nor does the plaintiff prove that the purchase-money price for the property was $7,891.65, and that the sum remaining after $4,000 was left in purchaser's hands to liquidate the mortgages. The facts are that plaintiff left this property for sale in the hands of his agents, Snyder and Lee, and the sale was made through them. Neither of them is called as a witness. The defendant John Q. A. Bachelder swears that Lee sold him the equity in the land for $4,000, and that nothing was said about assuming to pay any mortgage. What the plaintiff may have thought about the nature of the contract, or what he may have told his agents, is immaterial to the issue here. He left the matter in the hands of others. The sum named as the consideration in the deed is by no means conclusive of the fact that the payment of outstanding incumbrances constituted part of the purchase money, and so bound the purchaser to pay them. Nor does the recital in the deed that it is given subject to certain mortgages prove this. The plaintiff must show an agreement on the part of the defendant that these incumbrances were intended to be a part of the purchase money. In the ordinary case of the purchase of land, subject to mortgage, there is no implied promise on the part of the purchaser to pay the mortgage debt. The cases cited by the plaintiff do not sustain his position. In *Twichell* v. *Mears*, 8 Biss. 211, there was an express recital in the deed that the mortgage was a part of the consideration named, and Judge BLODGETT thus clearly defines the rule:

"The rule is probably as contended by the defendant's counsel that the purchase of an equity of redemption from a mortgagor of real estate does not make the purchaser personally liable to the mortgagee. But where the payment of an outstanding incumbrance, created by the grantor, constitutes part of the purchase money, the law implies an undertaking by the purchaser to pay it, and the mortgagee may recover in *assumpsit*."

In *Comstock* v. *Hitt*, 37 Ill. 542, the court holds that, in the absence of any agreement that the mortgage debt shall constitute part of the consideration, there is no implied promise to pay the debt; and to the same effect is *Fowler* v. *Fay*, 62 Ill. 375.

In the present case, the plaintiff, having failed to prove any agreement on the part of the defendant that the incumbrances constituted a portion of the purchase money, judgment must be entered for the defendants, and it is so ordered.