JACOB A. GROSS ᴇᴛ ᴀʟ. *v.* BEN FRANKLIN BUILD-
ING & LOAN ASSOCIATION.
[No. 16, April Term, 1929.]

*Decided May 23rd, 1929.*

The cause was argued before BOND, C. J., URNER, AD-KINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*David Ash,* for the appellants.

*Jacob Kartman,* with whom was *Herbert Levy* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

A decree *in personam* for a deficiency of $13,539.76, in the amount realized from a sale of mortgaged property for application to the mortgage debt, was rendered against seven

parties charged with liability for its payment. Two of the parties, Jacob A. Gross and William Cohen, have appealed from the decree. The grounds of defense upon which they respectively rely are separate and distinct. Mr. Gross is one of the mortgagors and Mr. Cohen is the purchaser of an interest in the equity of redemption. The defense of Mr. Gross is based on the theory that his liability under the mortgage was discharged by indulgences extended without his consent to the grantees of the mortgaged lands. Mr. Cohen contends that he is not amenable to a decree *in personam* under the terms of the statute by which that remedy is provided.

The mortgage was executed on May 29th, 1925, by the five owners of the property which it described. In the following August Mr. Gross sold his interest in the property to Mr. Cohen, and subsequently the remaining interests in the equity of redemption were acquired by Mr. Cohen and Raymond Levin. There was a provision in the mortgage that upon the transfer of the mortgaged lands the debt secured thereby should immediately become due and payable. When Mr. Gross sold his interest in the property, he mentioned that provision to Mr. Cohen, the purchaser, in order that its enforcement might be obviated by arrangement with the mortgagee. This was accomplished by the payment of a transfer fee of approximately $300, to which both purchasers of interests in the equity of redemption contributed.

On May 2nd, 1927, an agreement was signed by Mr. Cohen and Mr. Levin, as owners of the mortgaged premises, and by two of the original mortgagors, not including Mr. Gross, the appellant, which, after referring to the execution of the mortgage and the lots of ground described therein, recited that indulgences in the payments required by the mortgage had been granted from time to time by the mortgagee to the owners of the equity of redemption, and that they were again unable to make payments in accordance with the terms of the mortgage; and the agreement then provided that for the ensuing period of six months the mortgagee would accept one-half of the weekly payments of principal

stipulated in the mortgage, but that the subsequent payments should be strictly in accordance with its terms, which were declared to be a part of the agreement. Among the covenants which it contained were the following:

"2. In the event the said parties of the first part shall fail or neglect to make the payments herein agreed to be made, in strict accordance with the terms hereof, for a period of four weeks, then the modification of payment herein made shall be cancelled, and the said mortgage shall thereupon be and continue in default.

"3. The parties of the first part hereby jointly and severally agree for themselves, their heirs or personal representatives, that they shall be primarily liable upon all the covenants contained in the said mortgage, and for the payment of the mortgage debt."

Appended to the agreement was a written assent to all of its terms, signed by the mortgagors, including Mr. Gross, the appellant, who had not joined in its execution. By that assent Mr. Gross clearly precluded himself from basing his present defense upon any indulgence which the agreement granted. The evidence in the record does not show any prior modification of the terms of payment which the mortgage prescribed. The waiver by the mortgagee of the provision relating to transfers of the equity of redemption is not a fact from which Mr. Gross is entitled to derive any support for his defense, since the transfer was his own act and was made with a design that such a waiver should be negotiated. It was proved that the mortgagee, prior to the agreement of May, 1927, repeatedly accepted payments which were less than the amounts currently due under the mortgage. This would not be a sufficient ground of release for Mr. Gross from his obligation as mortgagor, even if he concededly occupied the position of surety for his vendee of the equity of redemption at that time. *Golden v. Kovner Bldg. & Loan Assn.,* 156 Md. 167; *Asbell v. Marshall Bldg. & Loan Assn.,* 156 Md. 106; *Berman v. Elm Loan Assn.,* 114 Md. 191. But there does not appear to have been any assumption of the

mortgage debt by the purchasers of the equity of redemption until they executed the agreement of May, 1927. Until it was so assumed the relation of Mr. Gross to the debt continued to be that of a principal debtor. *Rosenthal v. Heft,* 155 Md. 410; *Chilton v. Brooks,* 72 Md. 554. There is no adequate reason to exempt him from the deficiency decree now under review.

The liability of Mr. Cohen to be charged by such a decree depends upon the terms and effect of the agreement to which we have referred, and of the statute to be presently quoted. The agreement was executed by him, under seal, as a purchaser of the property subject to the mortgage and in express consideration of the mortgagee's forbearance to foreclose because of past defaults. Mr. Cohen thereby obligated himself, and his heirs and personal representatives, to "be primarily liable upon all the covenants contained in the mortgage, and for the payment of the mortgage debt." The statute authorizing deficiency decrees in mortgage sale proceedings provides that they may be entered, after due notice, "against the mortgagor or other party to the suit or proceedings, who is liable for the payment thereof, for the amount of such deficiency; provided the mortgagee or his legal or equitable assignee would be entitled to maintain an action at law upon the covenants contained in the mortgage" for the amount of the mortgage debt remaining unsatisfied by the proceeds of sale. *Baltimore City Charter & P. L. L.* (1927), sec. 731A. There can be no doubt that Mr. Cohen was a party to the suit or proceeding, as he not only was summoned in it as a party sought to be charged by a deficiency decree, but he had previously participated in the proceeding by filing objections to the sale reported. But unless he was liable in an action at law on the covenants contained in the mortgage, he was not chargeable by such a decree, according to the intent of the statute as construed in *Kushnick v. Lake Drive Bldg. & Loan Assn.,* 153 Md. 638; *Kirsner v. Sun Mortgage Co.,* 154 Md. 682, and *Bletzer v. Cooksey,* 154 Md. 568.

In order to prevent an earlier foreclosure sale of property of which he was an owner, Mr. Cohen covenanted, jointly

and severally with others, to pay the mortgage debt and to be primarily liable upon all the covenants which the mortgage contained. If he had joined in the execution of the mortgage for the purpose of assuming such a liability, he would unquestionably have been suable at law by the mortgagee upon the covenants in the mortgage for its payment even though he then had no interest in the mortgaged property. *Kirsner v. Sun Mortgage Co., supra.* When the agreement before us was executed, Mr. Cohen had a substantial interest in the property covered by the mortgage, and it was the plain purpose of the agreement to subject him unqualifiedly to the liability which the mortgage covenants imposed. It was not the design of the statute that deficiency decrees should be available only against original mortgagors. It authorizes such a decree to be rendered against the mortgagor "or other party to the suit or proceeding who is liable for the payment" of the deficiency. While the statute should be strictly construed, because it is in derogation of the common law (*Kushnick v. Lake Drive Bldg. & Loan Assn, supra*), we should have to adopt an unduly strict construction of its terms to exclude from their operation the covenanted liability now under discussion. In our opinion that liability was enforceable by the decree from which this appeal was entered.

*Decree affirmed, with costs.*