BOYD ET AL., TRUSTEES *v.* GOLDSTEIN ET UX.

[No. 16, September Term, 1960.]

*Decided October 17, 1960.*

Submitted to BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

Submitted on brief by *J. Wilmer Johnson* for the appellants. No brief and no appearance for the appellees.

PRESCOTT, J., delivered the opinion of the Court.

The appellants are displeased by the action below of the

chancellor in refusing to grant them a decree in personam against the appellees for a deficiency shown after a sale of real estate under the power of sale contained in a deed of trust, because of default in the payment of a promissory note secured thereunder. The proceedings were instituted in the Circuit Court for Calvert County, and the motion for a decree in personam was requested under the provisions of Code (1957), Article 66, Section 15.[1] This section refers explicitly to "mortgaged" property; however, under the previous decisions of this Court and Maryland Rules 1391 b 1 and 1391 f 2, it seems apparent a deficiency decree in personam would be appropriate under the foreclosure of a deed of trust such as the one here involved; provided the substantive rights of the parties permit such a decree.

Section 15 states that, if upon a sale of the whole mortgaged property the net proceeds of the sale are insufficient to pay the entire mortgage debt and accrued interest, the equity court may (after notice, etc.) enter a decree in personam against the mortgagor or other party to the suit, who is liable for the payment thereof, for the amount of the deficiency; "provided the mortgagee, or his legal or equitable assignee would be entitled *to maintain an action at law upon the covenants contained in the mortgage* for said residue of said mortgage debt * * *." (Emphasis supplied.) It has been held the jurisdiction here conferred is wholly statutory and in derogation of the common law; therefore, the conditions precedent to its being put into operation must be fully met. *Gross v. Bldg. & Loan Assn.,* 157 Md. 401, 406, 146 A. 229; *Kushnick v. Lake Drive Bldg. & Loan Assn.,* 153 Md. 638, 642, 139 A. 446; *Austraw v. Dietz,* 185 Md. 245, 251, 44 A. 2d 437. But, as the statute is remedial in nature, it should be interpreted so as to accomplish the object for which it was designed when possible. *Austraw v. Dietz, supra.*

1. Cf. Section 25 of Article 66 and Section 156 of Article 16. These sections contain language almost identical to that which will be quoted in the next paragraph from Section 15. The Maryland cases subsequently cited on this point will refer to the quoted language, but we shall not specify, in each instance, to which section the Court was referring. Cf. also Article 66, Section 33 and Article 21, Section 47.

This Court has also held that, when a deficiency decree is requested under the statute (Section 15), the parties are in the same relative position as litigants at law, and, for the party who requests the deficiency decree to prevail, he must show all of the requirements of a successful plaintiff at law, with his cause of action based upon the *covenants in the mortgage*. *County Trust Co. v. Harrington*, 168 Md. 101, 104, 176 A. 639; *Kirsner v. Cohen*, 171 Md. 687, 690, 190 A. 520.

The appellants seem to concede this last proposition, but earnestly press upon us that, under the provisions of the note and deed of trust under present consideration and our previous decisions, the deed of trust, together with the note, did "contain a covenant to repay" such as would comply with said Section 15. They state "that there are innumerable cases that have come before this Court wherein mortgages drawn in the same manner as the one in question were held to contain a covenant to repay."

It will be unnecessary to set forth the terms of the trust and the note in detail. It will suffice to say that in the trust deed the appellees acknowledged themselves indebted unto one Perry G. Bowen, Jr., in the amount of $18,700, and that they had executed and delivered therefor a promissory note bearing interest. The note, in relevant part, simply promised to pay to the order of Perry G. Bowen, Jr., the above sum one year after date, and stated it was secured by the deed of trust. There was no specific covenant in the deed of trust to repay the indebtedness secured thereby. The only specific covenants made by the grantors therein were to keep the improvements insured, to pay all taxes [2] and assessments, and to warrant specially the title to land conveyed.

The appellants, in support of their claim that there are "innumerable" cases in this Court that sustain their theory that

---

2. It is possible in a proper case that a mortgagor might become subject to a deficiency decree due to his failure to comply with his covenant in the mortgage to pay taxes. Commercial Bldg. & Loan Assn. v. Robinson, 90 Md. 615, 629, 45 A. 449. In the instant case, the auditor's report shows a payment of only $5.46 for taxes, with little clarification. No question is raised concerning the same in the appellants' brief.

when a trust and note have been given in the form mentioned above, the trust should be considered as containing a covenant to repay the debt, cite. *Bletzer v. Cooksey*, 154 Md. 568, 141 A. 380, and *Moss v. Annapolis Savings Institution*, 177 Md. 135, 8 A. 2d 881. The cases cited do not support the appellants' proposition in the slightest degree. In *Bletzer*, 154 Md. at page 569, the Court said: "The *mortgage contained* a covenant to pay the mortgage debt and interest," and in the *Moss* case, 177 Md. at page 138, it is stated: "Both mortgagors expressly and without qualification covenanted and agreed to 'pay the mortgage debt' * * *." (Page 27 of the Record shows this statement to be completely accurate. Emphasis supplied.) Thus it is seen that in the only cases in this Court to which we have been referred, or which we have found, wherein deficiency decrees have been granted, the mortgages or instruments in the nature of mortgages contained specific covenants to repay the indebtedness.

The appellants, on this same proposition, also referred us to 1 *Glenn, Mortgages*, ¶ 5.4 and 1 *Jones, Mortgages* (8th Ed.), ¶ 433. We shall not discuss them in detail, as we are about to cite authorities from this Court that we deem directly in point and controlling, and we find nothing in the sections to which we were referred in conflict with the cases to be cited.

As it was necessary, as we pointed out above, for the appellants to show that they would have been successful as plaintiffs in an action at law on the covenants contained in the trust, and, as there was no specific covenant therein to repay the debt, it is only necessary to determine whether there was an implied covenant in the trust to repay the same. As early as *Barrell v. Glover*, 2 Gill 171 (1844), this issue was decided against the appellants' contention. This case was followed by *Rullman v. Rullman*, 148 Md. 140, 129 A. 7, and *Crawford v. Richards*, 197 Md. 284, 287, 79 A. 2d 141, to like effect. And our most recent decision on the question is *Alexander v. Hergenroeder*, 215 Md. 326, 138 A. 2d 366. Without detailing the facts of that case and prolonging this opinion further, we specifically held that, under the common law of Maryland, if a deed of trust be given as security for an indebtedness, but contains no covenant to pay the indebtedness, no implied

covenant to do so arises. See also 2 *Jones, Mortgages* (8th Ed.), ¶ 837.

In following these Maryland cases, we necessarily hold that there was no implied covenant to repay the indebtedness in the trust in the case at bar; consequently, the appellants could not have been successful as plaintiffs in an action at law on the covenants in the trust, and the chancellor ruled correctly when he refused the deficiency decree.

The appellants attempt to raise a subsidiary point, which they pose in this question: Were the appellees entitled to a defense of usury after the final order had been passed ratifying the auditor's report and account? We have pointed out above that the chancellor, under the circumstances, was without jurisdiction to enter a deficiency decree. His refusal to grant the decree was not based on any defense of usury, but on the ground that the appellants could not have maintained an action at law on the covenants in the trust; hence the question of usury is not properly before us at this time.

*Order affirmed, with costs.*