Gable & Beacham *vs.* Scarlett.

(Decided 18th March, 1881.)

---

Israel Gable and James W. Beacham, trading as Gable & Beacham *vs.* William G. Scarlett.

*Assignee of a Mortgage cannot sue upon the Covenant of the assignee of the Mortgagor made with the latter to pay the Debt without an Assignment of the covenant—Two defendants cannot be Sued upon the Covenant of one made without the authority of the other—Construction of Art. 9, sec. 1, of the Code, relating to the assignment of choses in action—Effect of Agreement of Counsel providing for a Final judgment upon a Demurrer—Right of assignee of a Mortgage made under an agreement, to Sue upon the Agreement without a special assignment of it to him.*

By an agreement, not under seal, between G. & B. as partners, and C., the said G. & B. agreed to furnish C. the building materials for

the construction of certain houses, and to receive in part payment, one of the houses when completed. C. agreed that before the house was conveyed to G. & B. he would create thereon a mortgage, the use of which, and the money realized therefrom, was to enure to G. & B., and which mortgage they were to covenant to pay at maturity. The mortgage mentioned was made, and the house was then assigned to B. for G. & B., subject to the mortgage executed by one H. B. to C.; and in the deed of assignment of the house to B., which was executed by, said H. B., and B., it was recited that B., on behalf of G. & B., would pay the mortgage debt when it was due and payable. The mortgage and mortgage debt were assigned to S., by whom the mortgage was subsequently foreclosed, and the proceeds of sale of the mortgaged property proving insufficient to pay the whole mortgage debt, S. sued G. & B. to recover the balance. The declaration made the above agreement a part of the declaration, and set out the facts above stated, and averred that the plaintiff was the holder of the mortgage by assignment from C. for value, and in fact that the mortgage and mortgage debt had been assigned to the plaintiff for value, and the consideration had been received by the defendants as stipulated in the agreement, and that for the balance due of said mortgage debt after said foreclosure, " the defendants remained and are liable to pay the same to him, under their agreement as aforesaid, and under the facts herein alleged." On demurrer to the declaration, it was HELD:

1st. That if this was to be regarded as an action on the covenant of B. to pay the mortgage, which was in the deed of the property to him for the firm, it was very clear that the plaintiff could not maintain a suit thereon. 1st. Because he was not the covenantee, and the covenant had not been assigned to him. 2nd. Because it was only the covenant of one of the defendants, and there was no allegation of authority to make it for the other.

2nd. That if it be regarded as an action of assumpsit upon the agreement of G. & B. with C., wherein they stipulated for the creation of the mortgage for their use, and agreed " to covenant to pay the mortgage when due and demandable," the plaintiff's right to maintain the suit must be based on the theory that this agreement passed by the assignment of the mortgage, as an incident to it, the plaintiff not having alleged a specific assignment of it in his declaration.

3rd. That the right which is given by the Code, Art. 9, sec. 1, to the assignee of the several *choses in action* which are mentioned in the Act, is to sue in his own name " the debtor therein named."

4th. That the Act of Assembly did not intend to give the right of action in the assignee's own name upon a cause of action situated like the present with reference to the *choses in action* which was assigned. ·

5th. That whatever claim this assignment may have given S. in another forum against G. & B. on said agreement, (as to which *Quære?*) it was clear that by virtue of the assignment which was set out in the declaration, the plaintiff took no right of action at law in his own name on this agreement.

6th. That no special assignment of the agreement being alleged in the declaration, it was defective for the want of such averment, if the claim was intended to be supported by evidence of such assignment. .

7th. That an agreement of counsel in the Court below, having provided for final judgment for the one side or the other upon the decision of the Court as to the sufficiency of the declaration, and it not being claimed by the plaintiff, that by a proper construction of the agreement the cause might be remanded to enable him to amend, if the view of the Court below was not sustained, that agreement would be treated as designing to make a final disposition of the case on the declaration filed.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, MILLER, ROBINSON and IRVING, J.

*James H. Gable,* for the appellants.

*B. C. Barroll,* for the appellee.

IRVING, J., delivered the opinion of the Court.

The question for decision in this case arises on a demurrer to the *narr.* of the plaintiff, who is the appellee in this Court. The Court below overruled the demurrer, and gave judgment for the appellee's claim, against the appel-

lants. From that judgment this appeal was taken. This judgment was rendered for the plaintiff, upon the overruling of the demurrer, in pursuance of an agreement of parties providing therefor, if the Court should hold the *narr.* good, reserving the right of the appeal.

The declaration sets out that Gable & Beacham, on the 19th of May, 1877, entered into an agreement with Joseph M. Cone, of Baltimore City, in manner and form as is contained in the agreement, which is referred to as filed as part of the declaration. The agreement, in substance, provides for the purchase from Gable & Beacham by Joseph M. Cone, of five thousand five hundred dollars worth of building lumber and mill work, which is particularly described and set forth in the agreement. In part payment therefor, Gable & Beacham agreed to take " the fourth house, on Harlem avenue, in said city, West of Mount street, to be built by Joseph M. Cone on a lot fifteen feet eight inches wide and ninety feet deep, (subject to a ground rent of one hundred dollars,) at twenty-six hundred and seventy-five dollars." It also fully describes the character and quality of the house. The last clause of the agreement is in the following words: "It is agreed by said Cone that before said house shall have been conveyed to said Gable & Beacham, he, the said Cone, shall create thereon a mortgage of fifteen hundred dollars, at two years with interest, six per cent.; the use of which said mortgage and the money realized therefrom shall enure to the said Gable & Beacham ; the said Gable & Beacham are then to receive a conveyance of said house subject to said mortgage, which they are to covenant to pay at maturity." This agreement was signed by Cone and by Gable & Beacham, but was not under seal.

The *narr.* sets out that the mortgage mentioned was executed, acknowledged and recorded, and that the house was then assigned to James W. Beacham for Gable &

Beacham, subject to the mortgage executed by one Henry Bruns to Joseph M. Cone, and that in said deed of assignment of the house to James W. Beacham, which was executed by said Henry Bruns and James W. Beacham, it is recited that James W. Beacham, on behalf of Gable & Beacham, will pay the mortgage when it is due and payable. The *narr.* next avers, that the plaintiff is the holder of the mortgage, by assignment from Joseph M. Cone, for value, and in fact, that the mortgage and the mortgage debt have been assigned the plaintiff, for value, and the consideration has been received by the defendants (appellants) as stipulated in the agreement. The *narr.* then alleges, that when the mortgage debt matured, it was not paid, and that Gable & Beacham were duly notified ; and it became necessary to sell the property, and it was accordingly sold by decree of the Circuit Court of Baltimore City as a Court of equity; and that the proceeds of sale were duly distributed by auditor's report, which was regularly and finally ratified ; that during all this time the plaintiff was the holder of the mortgage, and the mortgage debt secured thereby, and that, after applying the proceeds of sale to that debt, a balance of four hundred and twenty-one dollars and four cents remained unpaid to the plaintiff, " and that for this sum the defendants remained and are liable to pay the same to him, under their agreement as aforesaid, and under the facts herein alleged."

The Superior Court, in overruling the demurrer and giving judgment for the appellee, could only have proceeded upon one of two theories, viz., that the suit was on the covenant of James W. Beacham to pay the mortgage debt, which is in the deed of the property to him for the firm, and that the firm was bound thereby, and the covenant enured to the benefit of the assignee of the mortgage ; or that the suit was upon the agreement between Cone and Gable & Beacham, which agreement passed to

the assignee of the mortgage by that assignment. The appellants insist, that the action is an action of covenant, on the covenant of James W. Beacham to pay the mortgage debt; but the appellee contends that it is not an action of covenant, but is an action in case, on the agreement between Cone and Gable & Beacham set out in, or referred to by, the *narr*.

In our opinion, the decision of the Superior Court cannot be sustained on either hypothesis.

If it is to be regarded as an action on James W. Beacham's covenant, it is very clear that the appellee cannot maintain a suit thereon, for he is not the covenantee, and that covenant has not been assigned to him. Besides, it is only the covenant of one of the appellants, and there is no allegation of authority to make it for the other.

We do not suppose the Superior Court so understood the suit, and appellee's contention. His counsel, in this Court, said he did not so maintain, and if it was to be understood as a suit on the covenant of James W. Beacham, he had no case and would abandon it. Appellee's counsel does contend, however, that it is an action of assumpsit, upon the agreement of Gable & Beacham, dated 19th of May, 1877, wherein they stipulate for the creation of the mortgage for their use, and "agree to covenant to pay the mortgage when due and demandable." As the appellee, in his *narr.* does not allege a specific assignment of this agreement, his supposed right to maintain this suit must be based on the theory that this agreement passed, by the assignment of the mortgage, as an incident to it, to the assignee. The provision of sec. 1, Art. 9, of the Code of Public General Laws, authorizing suits in the name of the assignee of the causes of action named in the law, is in derogation of the common law, and has never been held to give any rights not expressly conferred on the assignee of such *choses in action*. The right which is given to the assignee of the several *choses*

*in action* which are mentioned in the Act, is to sue in his own name the " *debtor  therein  named.*"  Henry Bruns is the debtor named in the. mortgage to Joseph M. Cone, and which has been assigned to Scarlett, the appellee. By the assignment of the mortgage and mortgage debt to the appellee, (which is admitted by the demurrer,) an undoubted right of action in his own name passed to Scarlett against Bruns; but the suit, which he has brought, is against Gable & Beacham, who are not shown to be debtors in any capacity mentioned in the mortgage or mortgage debt which has been assigned.   The agreement, which is thus sought to be enforced is a wholly independent one, made before the creation of the mortgage or mortgage debt, making no reference to Henry Bruns, and entering into no engagement for him ; and so far as we know from the allegations of this *narr.*, in no way referred to in the mortgage which was made the subject of assignment.   It is very clear that the Act of Assembly did not intend to give the right of action in the assignee's own name, upon a cause of action thus situated, with reference to the *chose in action* which is assigned.  Whatever claim this assignment may have given Scarlett in another forum against the appellants on this agreement, (and we do not say it gave him any,) it is clear, that by virtue of the assignment which is set out in the *narr.*, the plaintiff took no right of action at law in his own name. on this agreement.

No special assignment of the agreement being alleged in the *narr.*, it is defective for the want of such averment, if the claim was intended to be supported by evidence of such assignment.   Inasmuch as the agreement of counsel provided for final judgment for the one side or the other, upon the decision of the Court as to the sufficiency of the *narr.*, we suppose there was no other assignment than that which is alleged in the *narr.*   It has not been claimed, by the appellee, that by a proper construction of the agree-

ment, the cause might be remanded, to enable him to amend, if the view of the Superior Court was not sustained; and we shall treat that agreement as designing to make a final disposition of the case on the declaration filed. The judgment will be reversed for the reasons assigned, and judgment will be entered for appellants.

*Judgment reversed with costs,*
*and judgment for appellants.*

(Decided 13th April, 1881.)