## JULIA R. WARNER et al. *vs.* STEVENSON A. WILLIAMS, Trustee.

*Liability of a Mortgagor Under His Covenant to Pay the Debt Not Affected By Mere Delay of the Mortgagee to Foreclose, After Assignment of the Premises by Mortgagor.*

When a mortgagor has assigned the mortgaged premises subject to the mortgage, he became a surety for the debt, and mere delay by the mortgagee in foreclosing the mortgage does not release the mortgagor from liability under his covenant to pay the debt ; and although a larger sum would have been obtained if the premises had been sold when the default under the mortgage first occurred than was subsequently obtainable, yet the mortgagor is liable to the full extent in an action on the covenant, in the absence of any contract by the mortgagee to use diligence in foreclosing the mortgage.

Appeal from the Superior Court of Baltimore City (HARLAN, C. J.)

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, BOYD, SCHMUCKER and JONES, JJ.

*Richard S. Culbreth*, for the appellants.

*D. G. McIntosh*, for the appellee, submitted the cause on his brief.

BRISCOE, J., delivered the opinion of the Court.

This suit was brought on the 29th of June, 1899, in the Superior Court of Baltimore by the appellee against the appellants to recover upon the covenants contained in two mortgages for the payment of the sum of twenty-three thousand dollars, with interest. The first mortgage is dated February 20th, 1888, and it was given to secure the payment of a promissory note for the sum of twenty-one thousand dollars, payable one year after date and two interest notes for the sum of six hundred and thirty dollars each.

The property mentioned in this mortgage is described as six lots of ground situated in the thirteenth election district of Baltimore County, and called "Krebs" or "Warner's Terra Firma." The covenant contained in the mortgage is as follows : "And it is agreed that until default be made in the premises the said mortgagors, their heirs and assigns shall continue to hold and possess the hereby mortgaged premises and to receive the rent and profits thereof upon paying in the meantime all taxes levied or assessed or to be levied or assessed on said mortgaged property or on the mortgage debt hereby secured with taxes, mortgage debt and interest the said mortgagors for themselves their heirs and assigns hereby covenant to pay when legally demandable, and they also covenant to exhibit the receipted bills for taxes so paid whenever requested by the said mortgagee."

The second mortgage is dated the 25th of February, 1888, and was given to secure the payment of the previous loan of twenty-one thousand dollars and an additional loan of two thousand dollars. The property conveyed by it is referred to and described as certain lots or parcels of ground situated in Baltimore City, and belonging to the appellants. This mortgage also contains a covenant similar to the one just set out to pay the mortgage debt thereby secured.

There are three counts in the amended declaration. The first count is upon the covenant contained in the mortgage dated February 20th, 1888. The second count relates to the covenant in the second mortgage dated February 25th, 1888, and alleges that it stipulates for the payment of the two sums of twenty-one thousand dollars and two thousand dollars, with interest. The third count refers to the covenant in the mortgage of February 25th, as an agreement to pay only the sum of two thousand dollars, with interest.

. The appellants pleaded by way of equitable defense two equitable pleas. The first plea was filed to the first count of the declaration, and the second plea to the second and third counts. A demurrer was interposed to both of those pleas, and was sustained by the Court below. Subsequently the ap-

pellants filed two amended pleas and the demurrer to these was also sustained, and from the judgment on the demurrer in favor of the plaintiff, this appeal has been taken.

. It will be thus seen that the questions for our determination in this case arise and are presented by the pleadings. A brief statement of the facts as set out in the pleas and upon which the appellants rest their case is necessary to a clear and proper understanding of the questions in controversy. It is stated by the plea to the first count of the declaration that the appellants on or about the first day of July, 1893, sold the Baltimore County property to the South Baltimore Brick and Tile Company of Baltimore City, a Maryland corporation, subject to the mortgage therein mentioned and to another mortgage of five thousand dollars; that this corporation covenanted with the plaintiff and the defendants to pay the mortgage debt when due and all interest thereon, and to be bound by all the covenants and conditions contained therein; that the payment of the principal sum of the mortgage debt should be extended three years from the date of the transfer, it being stipulated as an express condition of the agreement that for the protection of the defendants and as a limitation of their liability all interest on the mortgage debt should be promptly paid as the same should become due; that the true intent and purpose of the stipulation was to require of the mortgagee diligence in the collection of the mortgage debt in case of any default of the corporation in the payment of the interest; that it was in the power of the mortgagee to proceed with diligence in such a contingency; that the property at the time of the transfer was improved by a plant for the manufacture of bricks which had been erected at a cost of about thirty thousand dollars, and valued at the time of the transfer at about twenty thousand dollars. That it was the duty of the mortgagee, when the first payment of interest became due and was not made, to foreclose the mortgage promptly, thereby limiting the liability of the defendants to the amount, if any, shown to be due by them as of that date; that in utter disregard of the duty and in violation thereof the mortgagee did not foreclose when default was

made by the corporation in the payment of the interest, not-withstanding the fact that not only was the first payment of interest not made when due, but no interest at all has been paid by the corporation since the date of the transfer, to wit, the first day of July, 1893 ; that the interest so allowed by the mortgagee to accumulate exceeds the sum of seven thousand dollars that the taxes have been allowed by the mortgagee to accumulate since said date ; and whereas on said date said property was improved by a plant for the manufacture of bricks valued at about twenty thousand dollars, the plant has since totally disappeared, the property, in its present state, being unimproved property and of much less value than when improved, and that the corporation which was a young concern at the time of the transfer, has ceased to do business and is now insolvent ; in consequence whereof the defendants are released from any and all liability on account of the mortgage debt.    The second equitable plea, is filed to the second and third counts of the declaration, and alleges a mistake in the mortgage of the 25th of February, 1888, in that it was not intended by that mortgage to subject the Baltimore City property described therein to the payment of the twenty-one thousand dollar debt, which was secured by the prior mortgage of the 20th of February, 1888.

The principal question then arising upon the pleadings is whether the facts as stated are sufficient in law to discharge the appellants from the payment of the two mortgage debts which they covenanted in the mortgages to pay.    The appellants contend that it was the duty of the mortgagee, the appellee here, to foreclose when the first payment of interest became due and was not made, thereby limiting the liability of the defendants to the amount if any shown to be due by them, as of that date.

It is admitted that the effect of the sale of the county property, subject to the mortgage for twenty-one thousand dollars, to the South Baltimore Brick and Tile Company of Baltimore, was to make the appellants, mortgagors, the sureties and the corporation the principal debtor.    *George* v. *Andrews and wife*, 60 Md. 33 ; *Chilton* v. *Brooks*, 72 Md. 557.    Now the

law is well-settled that a creditor is not bound to prosecute measures of active diligence against the principal, mere delay on his part, in the absence of some special equity, unaccompanied by any valid contract for delay, will not amount to *laches*, so as to discharge the surety. *Freaner* v. *Yingling*, 37 Md. 491; *McShane* v. *Howard Bank*, 73 Md. 155; *Taylor* v. *State, use of Miller*, 73 Md. 217; *Parrott* v. *Chestertown Bank*, 88 Md. 517; *Lake* v. *Thomas*, 84 Md. 623. In *Sasscer* v. *Young and Kemp*, 6 G. & J. 249, it is said: " It is not sufficient to allege a loss, without imputing it to some act inconsistent with the relations of the parties. Loss may and often does occur from delay to prosecute suit and from delay to execute after judgment. The surety has the privilege of hastening the creditor to avoid this loss and if he fails to use his privilege, he comes too late when he asks that the consequences of his neglect shall be visited upon the creditor." This position is settled by numerous cases, among them we cite *Gray* v. *Farmers Bank*, 81 Md. 643; *Gott* v. *State, use of Barnard*, 44 Md. 339; *Lynn* v. *Mayor of Cumberland*, 77 Md. 459.

We find nothing in the plea in this case which shows a contract on the part of the appellee to use diligence in collecting the mortgage debt, in case of default, or any contractual obligation resting upon the appellee to foreclose the mortgage upon default. While it is true the plea states that at the time of the transfer of the property, it was covenanted by and between the corporation, the legal and equitable plaintiffs and the defendants, that the payment of the principal sum of the mortgage should be extended for three years from date, and that all interest on the mortgage debt should be promptly paid as the same should become due, yet, it is no where stipulated in express terms, that the mortgagee was bound to use diligence and activity in pursuing his remedies. In *Gray* v. *Farmers' Bank*, 81 Md. 643, this Court has distinctly said that if the surety desires to expedite payment he may pay the debt and by that means put himself in the place of the creditor or he may call on the creditor by the aid of a Court of

equity to proceed against the debtor upon giving the proper indemnity against cost and delay.

Apart from this, however, the obligation and liability of the appellants in this case, is based on the covenants contained in the mortgage and was not impaired by a sale of the property to the South Baltimore Brick and Tile Company.

The second plea is no answer to the declaration and cannot avail on this appeal. Finding no ground for reversal, the judgment will be affirmed.

*Judgment affirmed with costs.*