## ROBERT L. KUSHNICK *v.* LAKE DRIVE BUILDING AND LOAN ASSOCIATION.

*Mortgage Foreclosure—Decree in Personam for Deficit—Not Against Guarantors of Debt.*

A petition asking for the rescission of a decree *in personam* for the deficit on a mortgage sale, and for permission to answer the motion for such decree, is not a mere request for a rehearing and as such addressed to the sound discretion of the lower court.
p. 640

Ordinarily, the liability assumed by guarantors is secondary, and the contract of guaranty is collateral to the contract guaranteed; and an action to enforce the guaranty is necessarily on the contract of guaranty and not on the principal contract.
p. 641

Balto. City Code, sec. 731A, authorizing the entry of a decree *in personam* for the deficiency in a mortgage foreclosure proceeding "against the mortgagor or other party to the suit or proceeding," provided the mortgagee "would be entitled to maintain an action at law upon the covenants contained in the mortgage for said residue" of the debt, does not authorize such a decree against one who joined in the mortgage merely as a guarantor of the covenants, since he cannot be sued on the covenants, and is not a proper or necessary party to the foreclosure proceeding.                    pp. 642-646

Persons who joined in a mortgage expressly "for the purpose of further guaranteeing the covenants and conditions thereof," *held* guarantors and not sureties, and consequently not bound by the covenants, although they, with the mortgagor, executed the mortgage as their joint act.                    p. 646

*Decided November 9th, 1927.*

Appeal from the Circuit Court of Baltimore City (STUMP, J.).

Proceeding by the Lake Drive Building and Loan Association to foreclose a mortgage executed by Morris J. Weinstein, Robert L. Kushnick and another. From an order refusing to strike out a decree *in personam* against said Kushnick and to permit him to answer the motion for such decree, he appeals. Reversed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and SLOAN, JJ.

*Israel S. Gomborov* and *Frederick H. Hennighausen,* for the appellant.

*Edwin T. Dickerson* and *Sidney Needle,* for the appellee.

OFFUTT, J., delivered the opinion of the Court.

On May 29th, 1924, Morris J. Weinstein executed a mortgage for three thousand dollars covering certain property in Baltimore City to the Lake Drive Building and Loan Association. At the same time Charles Sahm, Robert L. Kushnick and Louis J. Myer joined in the mortgage for the "purpose of further guaranteeing the covenants and conditions" thereof, and they each signed and sealed it and acknowledged it to be "their act." Being in default, proceedings were instituted to foreclose it in the Circuit Court of Baltimore City on August 10th, 1926. In due course the property was sold for $1,555, the sale ratified, the case referred to the auditor, and an audit returned and ratified showing a balance of $1,135.67 still due the mortgagee. Thereupon the mortgagee moved for a decree *in personam* against the mortgagor and the guarantors, and Weinstein, Kushnick and Myers were each summoned to appear and answer the motion. Kushnick did appear and filed a "plea" to the motion on the ground that the court was without jurisdiction to entertain it as against him, and because the mortgagee had a full, adequate and complete remedy at law. Thereafter the court heard and overruled the "plea," and entered a decree *in personam* against Weinstein, Kushnick, and Myers, for the unpaid

balance of the mortgage, $1,135.67. The appellant Kush-
nick then filed a petition praying that that decree be stricken
out as against him, and that he be allowed to' answer the
motion, but which failed to allege what if any defense he
desired to assert. That petition was also denied and from
that order this appeal was taken.

No appeal was taken from the order ratifying the auditor's
account, or from the decree *in personam* against Kushnick,
so that the only question raised by the appeal is whether the
chancellor erred in refusing to strike out that decree and
allow the appellant to answer the motion upon which it was
based.

It is urged that the petition asking for the rescission of
the decree and for permission to file an answer to the motion
was nothing more than a request for a rehearing addressed
to the sound discretion of the court, which, in the absence of
anything indicating an abuse of that discretion, would not
be reviewable by this Court. *Miller's Equity,* secs. 286, 315.
But it is something more than that, and as the question in-
volved in the original "plea" challenges the jurisdiction of
the court to pass the decree, we feel that it cannot be dis-
posed of without consideration.

The foreclosure proceedings were instituted under Balto.
City Code, sec. 731A (Acts 1898, ch. 327), which pro-
vides that "if, upon a sale of the whole mortgaged property
by virtue of a decree passed under an assent to the passing
of a decree contained in the mortgage under the provisions
of section 720 of this article, the net proceeds of sale, after
the cost and expenses allowed by the court are satisfied, shall
not suffice to pay the mortgage debt and accrued interest, as
the same shall be found and determined by the judgment of
the court upon the report of the auditor thereof, the court
may, upon the motion of the plaintiff, the mortgagee or his
legal or equitable assignee, after due notice, by summons or
otherwise, as the court may direct, enter a decree *in personam*
against the mortgagor or other party to the suit or proceed-
ing, who is liable for the payment thereof, for the amount of
such deficiency, provided the mortgagee or his legal or equit-

able assignee would be entitled to maintain an action at law upon the covenants contained in the mortgage for said residue of said mortgage debt, so remaining unpaid and unsatisfied by the proceeds of such sale or sales."

The contention of the appellant is that the section just quoted only permits a decree *in personam* against a party to the foreclosure proceeding against whom the mortgagee would have been able to "maintain an action at law" upon the covenants contained in the mortgage, and that since he only executed the mortgage as a guarantor, he could not be sued upon the covenants in the mortgage, but could only be sued on his contract of guaranty, which was collateral to the mortgage.

That contention involves two questions, (1) whether, conceding that the contract of guaranty is collateral to the mortgage, the statute applies to the guarantors, and (2) whether the contract of guaranty involved in this case is an original or a collateral undertaking.

Ordinarily the liability assumed by guarantors is secondary, and the contract of guaranty collateral to the contract guaranteed, and any action to enforce the guaranty would necessarily be on the contract of guaranty and not on the principal contract. 28 *C. J.* 1009. Judge Burke, for this Court, in *Booth v. Irving Nat. Exch. Bank,* 116 Md. 673, said: "Whilst the undertaking of a guarantor technically differs from that of a surety (*Kramph v. Hats,* 52 Pa. St. 525), still the contract of guaranty is the obligation of a surety. *Davis v. Wells Fargo & Co.,* 104 U. S. 159. Both are accessory contracts; that of a surety is in some sense conditional; that of a guarantor is strictly so. A guaranty is a secondary, whilst a surety is a primary obligation." In 12 *R. C. L.* 1053, the same rule is expressed in this language: "Generally a guaranty relates to the payment of a sum of money or the collectibility thereof, though it may constitute an assurance of the genuineness of an obligation or the liability of the obligee. Being a collateral engagement for the performance of the undertaking of another, it imports the

existence of two different obligations, one being that of the principal debtor and the other that of the guarantor. If there is no obligation on the principal, there is none on the guarantor. But the debtor is not a party to the guaranty, and the guarantor is not a party to the principal obligation. The guaranty is a separate and independent contract, involving duties and imposing responsibilities very different from those created by the original contract to which it is collateral. The fact that both contracts are written on the same paper or instrument does not affect their separate nature." Professor Williston, in his work on *Contracts,* par. 1211, says that a "promise to pay if the principal debtor does not is the ordinary form of a guaranty." And it is generally held that the principal and the guarantor cannot be joined in the same action. *Graham v. Ringo,* 67 Mo. 324; *Gaff v. Sims,* 45 Ind. 262; *Tyler v. Tualatin Academy,* 14 Ore. 485; 28 *C. J.* 1012; 12 *R. C. L.* 1094; and that in a suit to foreclose a mortgage a guarantor is not a proper party, although, "where the court has power to decree the payment of any deficiency there may be after the sale of the property, as well against a third person as against the mortgagor, then a mortgagee who has assigned his mortgage and guaranteed the payment of it, or any other person who has become a guarantor or surety of the debt, is a proper though not a necessary party to a suit to foreclose the mortgage." *Jones on Mortgages,* par. 1432.

The statute under consideration provides that, where the net proceeds of a mortgage foreclosure sale are insufficient to pay the mortgage debt and interest, the court may, after due notice, enter a decree *in personam* against the mortgagor "or other party to the suit or proceeding" for the deficit "provided the mortgagee * * * would be entitled to maintain an action at law upon the covenants contained in the mortgage for said residue of said mortgage debt so remaining unpaid and unsatisfied by the proceeds of such sale or sales." That jurisdiction is wholly statutory, in derogation of common right, and the conditions precedent to its creation must be fully met. The question then is, What are those

conditions? Assuming, as for the purpose of this statement we have, that the appellant's contract is one of guaranty only, he could not have been sued on the covenants of the mortgage, because they were not his covenants, but he must have been sued on his contract of guaranty, for that was the only contract he made. Still dealing with that hypothesis, he was secondarily and not primarily liable. But, conceding that, does the statute mean that jurisdiction to enter a decree *in personam* against guarantors named in a mortgage only exists when the mortgagee can proceed at law against them on the covenants in the mortgage, or does it mean that it exists in cases where the mortgagee may sue only the party bound by the covenants contained in the mortgage, but cannot sue other parties thereto? *McDonald v. Workingmen's Bldg. Assn.,* 60 Md. 589, involved a proceeding for the sale of certain mortgaged premises. Before the date of the decree in that case the mortgagor disposed of his equity of redemption. The questions presented by the appeal were whether a decree *in personam* could be entered in the foreclosure proceeding against the mortgagor, and whether such a decree could be entered without notice to the person to be bound thereby. In discussing those questions Judge Alvey, for this Court, after stating that principles of justice as well as good practice required notice, went on to say: "And upon such notification to the defendant the court would be required to hear and determine any defence that could be made in an action at law upon the covenants in the mortgage; for it is by virtue of the personal covenants to pay the mortgage debt that the decree *in personam* is authorized to be entered. But apart from the error to which we have just referred, the decree under the statute cannot be maintained in this case because the mortgage appears not to have been executed under the seals of the mortgagors. No action of covenant could be maintained upon the stipulation to pay the mortgage debt, and therefore no decree *in personam* under the statute can be entered. It is expressly provided that the right to such a decree shall only exist where the mortgagee would be entitled to maintain an action at law

upon the covenants contained in the mortgage for the residue of the mortgage debt." The Court in that case was construing section 232, article 16, Bagby's Code, which was so nearly identical with the language under consideration in this case that we must be bound by the construction placed upon section 232, article 16, *Ibid.,* in that case. It appears from an examination of section 232, article 16, Bagby's Code, section 24, article 66, Bagby's Code, and section 731A, Baltimore City Code, that under each of those statutes a deficiency decree may only be entered in cases where the mortgagee could have sued on the covenant contained in the mortgage, and while the Legislature in each of those statutes does not say so in so many words, it is reasonably clear that it intended that the mortgagee would only be entitled to such a decree against a person whom he could have sued upon the covenants contained in the mortgage. The statute only contemplates the entry of such a decree against the parties to the proceeding, but a guarantor not bound by the covenants contained in the mortgage usually is neither a proper nor a necessary party to a proceeding to foreclose (27 *Cyc.* 1578), and no action at law can be maintained against him on its covenants.

We are not dealing here with the right of a mortgagee to secure a judgment at law against guarantors, but upon his right to a deficiency decree in a special statutory proceeding brought to foreclose the mortgage. Although the decisions are in conflict, such authority as there is in this state tends to support the rule stated in *Dunkley v. Van Buren,* 3 Johns. Ch. 330, that in absence of a statute such a decree could not be entered in a foreclosure proceeding. *Andrews v. Scotton,* 2 Bl. Ch. 668. The rule as stated in that case is supported by the decided weight of authority, although there is some authority to the contrary, notably *Young v. Vail,* 29 N. Mex. 324, 34 A. L. R. 980, where the cases are exhaustively reviewed and analyzed. But that rule is, in view of the statute, only of academic interest in this case, except as it may reflect upon the legislative intent in using the language under consideration. At the time chapter 327, Acts of 1876,

codified as section 232, article 16, Bagby's Code, was passed, the decisions seem to have been fairly uniform in support of the rule stated in *Dunkley v. Van Buren, supra*, and that should be noted in determining whether the Legislature intended, by the language under consideration there, to give the mortgagee a right to a decree *in personam* against any person other than the one bound by the covenants of the mortgage. As we have pointed out, this Court, in *McDonald v. Building Assn.*, did not think so, and, so far as the immediate question before us is concerned, the statute under which the mortgagee in this case foreclosed his mortgage cannot be distinguished from the one involved in that case.

The Legislature, when it said that the right to a deficiency decree should only exist in cases where the mortgagee could have maintained an action on the covenants contained in the mortgage, and then only against parties to the foreclosure proceeding, must have meant that it should only exist against the proper parties to the proceeding, and only against such of them as were bound by the covenants contained in the mortgage and could have been sued at law thereon. Hence it would not exist where the foreclosure was against an heir, or brought to foreclose a mortgage not under seal, because, whether or not in such a case the person sought to be charged was a party to the proceeding, he would not ordinarily be liable on the covenants contained in the mortgage and could not be sued thereon. Reason and logic would seem to support that conclusion. The liability of the guarantor differs from that of the principal debtor in its origin and in its incidents; defenses may conceivably be open to him which would be closed to the principal debtor, nor is there any provision in the statute for a form of decree which would adequately protect persons whose liability is conditional and not absolute. Again, there is no apparent reason why a mortgagee should be entitled to a deficiency decree against a mere guarantor who could not be sued on the covenants in the mortgage, merely because he could sue the principal debtor thereon, when he would not be entitled to such a decree against persons liable for the mortgage debt in cases where

he would not be entitled to maintain an action at law on the covenants contained in the mortgage, and, when the Legislature said that such a decree could only be entered against a party to the proceeding, and then only where the mortgagee could have maintained an action at law on the covenants contained in the mortgage, it must have meant that such a decree could only have been entered against a party to the foreclosure proceeding liable in an action at law on the covenants contained in the mortgage.

It follows, therefore, that the court was without jurisdiction to enter a decree *in personam* against the appellant.

The second question is whether the so-called contract of guaranty in this case imposed a secondary or a primary liability, in other words, whether, in fact, it was a contract of guaranty or a contract of suretyship. Here again we must take what the parties said, rather than what they may have meant, but did not say. The so-called guarantors expressly said that they "guaranteed" the mortgage and, while they with the mortgagor signed, sealed, and executed it as their joint act, we cannot say that they thereby qualified the express and explicit language used by them to describe the capacity in which they joined in it. For the word "guaranty" has a definite legal meaning, to wit, to pay the debt or make good the default of another, in the event, and only in the event, that the principal debtor fails to perform his undertaking. *Bouvier L. Dict.* They had no interest in the mortgaged property, they made no covenants in respect thereto, and the mere fact that they executed the mortgage was without legal significance, other than to effect their declared intention of joining it to "further guarantee" the covenants and conditions thereof. In our opinion, therefore, the appellant was, as he declared in the mortgage, a guarantor and not a surety, and since he was not bound by the covenants contained in the mortgage, and could not have been sued at law thereon, it follows, as has been stated, that the court had no jurisdiction to enter a decree *in personam* against him, and it should upon the application of the appellant have been stricken out.

The order appealed from will therefore be reversed with costs to the appellant, and the decree of the Circuit Court of Baltimore City against the appellant in this case stricken out, and case remanded that the motion for such decree may be overruled.

*Order reversed, with costs to the appellant, decree in personam against the appellant in this case stricken out, and case remanded that the motion therefor may be overruled.*