## JOSEPH ALLEN *v.* ROBERT SEFF.

[No. 66, October Term, 1930.]

*Decided January 15th, 1931.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Francis E. Pegram,* for the appellant.

*Jacob Kartman,* with whom were *Maurice M. Leavitt* and *Bernard Ades* on the brief, for the appellee.

OFFUTT, J., delivered the opinion of the Court.

The single question presented by this appeal, whether a deficiency decree may be entered in a mortgage foreclosure proceeding against one not a party to the mortgage, nor owning any interest in the mortgaged property, but who has by a parol contract assumed the payment of the mortgage debt, arises out of the following facts, which are not disputed:

On August 14th, 1925, the Realty Centre, Inc., a corporation, Louis J. Myers, Israel Kurland, and Sol J. Buchantz, executed to Robert Seff a mortgage on the equities of redemption in certain real property in the City of Baltimore to secure the payment of $12,122.90. The mortgage contained an assent to a foreclosure decree in accordance with chapter 123, Acts of 1898, secs. 720-732, and also as an alternative remedy a power of sale under the provisions of article 66, secs. 6-10, of the Code.

On July 19th, 1926, Robert Seff, the mortgagee, addressed to Joseph Allen the following letter:

"Joseph Allen, Esq.,

"10 E. Mulberry St., City.

"Dear sir: In consideration of your personally assuming the payment of the mortgages which I hold against the properties, formerly of the Realty Centre, Inc., now of the Urban Realty Co., located in the 1900 block Patterson Place, Baltimore, Md., I hereby agree:

"1. To waive all payments of principal instalments on said mortgages for a period of one year from date, all of the notes for principal instalments to bear interest from their due date.

"2. To extend the said mortgages for a period of 1 year from their present dates of maturity.

"3. To permit the assignment of the said properties, subject to said mortgages.

"Very truly yours,

"[Signed] Robert Seff."

On the same day Allen signified his acceptance of the proposal submitted by the letter by writing at the foot of it, "Accepted July 19, 1926." On December 26th, 1929, de-

fault having occurred in the mortgage, the mortgagee, under the assent contained in the mortgage, procured a decree for the sale of the mortgaged property to satisfy the principal mortgage debt of $12,122.90 and $3,192.36 accrued interest, and on January 6th, 1930, the property was sold under that decree, subject to prior mortgages aggregating $28,579.41, for $500. That sale was duly reported to the Circuit Court of Baltimore City, and on March 1st, 1930, finally ratified and confirmed. The papers were then referred to the auditor of the court, whose report showed a balance of $15,301.66 due "Robert Seff by the Realty Centre, Inc., Louis J. Myers, Israel Kurland, and Sol J. Buckantz, the Mortgagors," and that report was finally ratified on March 1st, 1930. On March 6th, 1930, the mortgagee filed a motion for a decree *in personam* against the mortgagors already named, and Joseph Allen, for the deficit thus ascertained. Allen demurred to that motion, and, his demurrer having been sustained, the mortgagee on May 7th, 1930, filed an amended motion, to which Allen also demurred. That demurrer was overruled, and from that order Allen took this appeal.

The right of a mortgagee to a deficiency decree against one who, while owning no interest in the mortgaged property, has nevertheless assumed the payment of the mortgage debt, has recently been considered by this court in several cases. *Gross v. Ben Franklin Bldg. & Loan Assn.,* 157 Md. 401, 146 A. 229; *Kushnick v. Lake Drive Bldg. & Loan Assn.,* 153 Md. 638, 139 A. 446; *Kirsner v. Sun Mortgage Co.,* 154 Md. 682, 141 A. 398; *Bletzer v. Cooksey,* 154 Md. 568, 141 A. 380. But the facts of each of those cases differed from those involved here in this respect, that in those cases the defendant in the proceeding for a deficiency decree was either an actual party to the mortgage, or had expressly by a sealed instrument assumed the covenants contained in it, while in this case the agreement upon which the mortgagee relies lay in parol, and did not refer to the covenants of the mortgage at all. But nevertheless those cases established principles which may properly be invoked in determining the question presented by this appeal.

The right of the mortgagee to such a decree against Allen, if it exists at all, must rest upon some statute, for no such right existed at common law (*Gross v. Ben Franklin Bldg. & Loan Assn., supra,* page 406 of 157 Md., 146 A. 229), and any statute authorizing such a decree, being in derogation of the common law, must be strictly construed. *Id.* The statute upon which the appellee relies, and the only statute applicable to the case, is section 731A, Charter and Loc. Laws of Baltimore City, which provides: "If, upon a sale of the whole mortgaged property by virtue of a decree passed under an assent to the passing of a decree contained in the mortgage under the provisions of section 720 of this article, the net proceeds of sale, after the cost and expenses allowed by the court are satisfied, shall not suffice to pay the mortgage debt and accrued interest, as the same shall be found and determined by the judgment of the court upon the report of the auditor thereof, the court may, upon the motion of the plaintiff, the mortgagee or his legal or equitable assignee, after due notice, by summons or otherwise, as the court may direct, enter a decree *in personam* against the mortgagor or other party to the suit or proceeding, who is liable for the payment thereof, for the amount of such deficiency; provided the mortgagee or his legal or equitable assignee would be entitled to maintain an action at law upon the covenants contained in the mortgage for said residue of said mortgage debt so remaining unpaid and unsatisfied by the proceeds of such sale or sales."

In *Kushnick v. Lake Drive Bldg. & Loan Assn., supra,* it was held that a deficiency decree could not be entered against one who, while a party to the mortgage, had no interest in the mortgaged property and signed the mortgage as a guarantor only; in *Gross v. Ben Franklin Bldg. & Loan Assn., supra,* it was held that such a decree could be entered against one who had by the execution of a sealed instrument expressly assumed the covenants of the mortgage; in *Kirsner v. Sun Mortgage Co.,* and *Bletzer v. Cooksey, supra,* the mortgagee's right to such a decree rested upon the fact that the

defendants joined in the mortgages and expressly bound themselves to perform the covenants thereof.

An examination of the statute discloses that its application is limited by its terms to cases (1) where the person against whom a deficiency decree is sought is a party to "the suit or proceeding"; and (2) where the mortgagee or his legal or equitable assignee would be entitled to maintain "an action at law upon the covenants contained in the mortgage for said residue of said mortgage debt remaining unpaid." In deciding whether the statute applies to this case, it is essential therefore to ascertain just what is meant by the phrase a "party to the suit or proceeding," and to ascertain whether the mortgagee would within the meaning of the act "be entitled to maintain an action at law upon the covenants contained in the mortgage" involved in this proceeding.

The first question was considered in *Gross v. Ben Franklin Bldg. & Loan Assn., supra,* and it was there held that one who actually participated in the foreclosure proceeding by filing objections to the sale reported, and who was actually summoned as a respondent to a motion for a deficiency decree against him, was a party to the suit or proceeding within the contemplation of the act. The statute, it is true, is open to the possible construction that, in using the words "a party to the suit or proceeding," it meant one who was either a necessary party, or one who had by his own act or in obedience to legal process become a party to the original foreclosure proceeding, and who was possessed of the rights and subject to the liabilities of such a party. And that view derives some force from the fact that the notice required by the statute to be given by summons or otherwise to the respondent, on a motion for a deficiency decree, must be given in any case before a deficiency decree can be entered. And if such a notice of its own force made the respondent a "party to the suit or proceeding," instead of reading a "party to the suit or proceeding," the statute would read, "the court * * * may enter a decree *in personam* against any person so notified who is liable for the payment of the mortgage debt." But, as the statute and the opinion in *Gross v. Ben Franklin*

*Bldg. & Loan Assn., supra,* are construed by a majority of the court, that view had been definitely rejected, and the phrase "party to the suit or proceeding" held to mean a party either to the suit or proceeding to foreclose the mortgage, or the "suit or proceeding" instituted to procure a deficiency decree after the termination of the mortgage foreclosure proceeding. And, as Allen was a party to the proceeding to procure a deficiency decree, he was a "party" within the meaning of the act.

Turning to the second question, it was held in *Kushnick v. Lake Drive Bldg. & Loan Assn., supra,* that the expression "provided the mortgagee * * * would be entitled to maintain an action at law upon the covenants contained in the mortgage for said residue" of said mortgage debt so remaining unpaid, applied only to cases where the mortgagee could have maintained such an action against the person sought to be bound by the decree *in personam.* So that the immediate question is whether the mortgagee in this case was entitled to maintain an action at law upon the covenants contained in the mortgage against Joseph Allen.

And there again we are asked to carry the reach of the statute a step beyond any construction hitherto given it. For, in the cases to which we have referred, the person sought to be charged was either an actual party to the mortgage, or he had by an instrument under seal expressly adopted its covenants and made them his own. But here the contention is that the court was authorized to enter the decree upon the mere parol promise of a stranger to the mortgage, who owned no interest in the mortgaged property, to pay "the mortgage." It has been stated that a grantee of land who as a part of the consideration for the grant assumes by an oral agreement outstanding mortgages against the property is liable to the mortgagees under the covenants contained in such mortgages. *Wiltse on Mortgage Foreclosure,* sec. 749. But, on the other hand, in *Dawson v. Western Maryland R. Co.,* 107 Md. 86, 68 A. 301, it was held that the acceptance of a deed poll by the grantee cannot in this state have the effect of binding him as a covenantor, and in *McDonald*

*v. Workingmen's Bldg. Assn.,* 60 Md. 589, where the court considered the effect of language similar to that contained in section 731A, *Charter & Pub. Loc. Laws of Ballimore City,* it was said "the decree under the statute cannot be maintained in this case, because the mortgage appears not to have been executed under the seals of the mortgagors. No action of covenant could be maintained upon the stipulation to pay the mortgage debt, and therefore no decree *in personam,* under the statute, can be entered. It is expressly provided that the right to such a decree shall only exist where the mortgagee would be entitled to maintain an action at law upon the covenants contained in the mortgage for the residue of the mortgage debt." It is generally held, too, that only a covenantor and his personal representatives are bound by a personal covenant (15 C. J. 1224), and it has been said that "a covenant will lie only against one who has actually sealed the deed." *Ibid* 1300. And while that rule has been extended to include the case of one who by an instrument of equal dignity has expressly adopted the covenants contained in a deed made by another (*Gross v. Ben Franklin Bldg. & Loan Assn., supra*), our attention has been called to no decision of this court which would authorize its extension beyond that limit. In this case, not only is the agreement which Allen and the mortgagee executed in parol, but it does not refer at all to the covenants contained in the mortgage, but, on the contrary, is a simple unambiguous undertaking on the part of Allen to pay the mortgage debt in consideration of certain concessions by the mortgagee to the mortgagors. It was collateral to and independent of the mortgage, and, in so far as it measures the right of the mortgagee to a decree *in personam* against Allen in this case, it is, in substance and effect, a contract of guaranty, although in form a primary undertaking. For under the statute the right to such a decree cannot accrue unless and until the mortgagors have defaulted in the performance of the covenants contained in the mortgage, and a sale of the mortgaged property under a consent decree in consequence of such default fails to provide funds sufficient to pay the principal mortgage debt and

accrued interest. So that under this contract with Allen the mortgagee would have no right to invoke the statute, *Charter & Pub. Loc. Laws of Baltimore,* sec. 731A, until (1) the mortgagors had defaulted, and (2) a sale of the mortgaged property under a consent decree for foreclosure had failed to provide funds sufficient to pay the mortgage debt and accrued interest. For, under that contract, assuming without deciding that that could be done, there was no attempt to transfer the liabilities of the mortgagors under the covenants of the mortgage to Allen, but it imposed upon him a liability wholly separate and distinct from and in addition to those of the mortgagors, which remained unchanged. Such an undertaking was necessarily collateral to and not a part of the mortgage, and the obligations created by it may only be enforced by an action in assumpsit on the contract, not by an action in covenant on the mortgage. The only answer to that conclusion would be that by his contract Allen made himself a party to the mortgage, but, in so far as it affects the mortgagee's right to a decree *in personam* against him, that reply would not be sufficient for several reasons: First, because Allen was not made a party to the foreclosure proceeding until after the property had been sold and the proceeds distributed; second, because, while under the contract Allen assumed "payment of the mortgages," he did not assume the covenants of the mortgage; and, finally, because he sealed neither the contract nor the mortgage.

And since the mortgagee would not have been entitled to maintain an action against Allen on the covenants contained in the mortgage, the trial court was without jurisdiction to enter a deficiency decree against him, and the demurrer to the appellee's motion for such a decree should have been sustained, and the motion dismissed. The order overruling the demurrer must therefore be reversed.

> *Order reversed, and case remanded for further proceedings in accordance with the views expressed in this opinion, with costs to the appellant.*