SAMUEL SCHERR ET AL. *v.* PRESTON PERMANENT BUILDING & LOAN ASSOCIATION.

[No. 90, October Term, 1933.]

*Decided January 17th, 1934.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Jacob Kartman,* with whom were *Makover & Kartman* on the brief, for the appellants.

*N. Irvin Gressitt,* for the appellee.

URNER, J., delivered the opinion of the Court.

The grantees of land subject to a mortgage covenanted in the deed to them from the mortgagors to assume the mortgage debt, to be primarily liable upon all the covenants contained in the mortgage, including the covenant for the payment of the debt thereby secured, and to be liable to a deficiency decree in foreclosure proceedings "to the same extent as though they had been the original mortgagors." A sale of the property under a decree authorized by the mortgage having produced a sum insufficient to pay the debt in full, the mortgagee filed a motion for a deficiency decree against the grantees, predicating such a right upon the covenants by the latter in the deed conveying the equity of redemption. It was alleged in the motion that the mortgagee assented to the assumption of the mortgage debt by the grantees, and thereafter accepted payments from them on account of the principal and interest. The question, raised by demurrer to the motion, is whether the corporate mortgagee can avail itself of the covenants by the grantees with the mortgagors as a basis for the proposed deficiency decree. The appeal is from an order overruling the demurrer.

No right to a deficiency decree against the appellants can be recognized in this case unless it is conferred by section 731A of article 4 of the Code of Public Local Laws (1930), which provides as follows: "If, upon a sale of the whole mortgaged property by virtue of a decree passed under an assent to the passing of a decree contained in the mortgage under the provisions of section 720 of this article, the net proceeds of sale, after the cost and expenses allowed by the court are satisfied, shall not suffice to pay the mortgage debt and accrued interest, as the same shall be found and determined by the judgment of the court upon the report of the auditor thereof, the court may, upon the motion of the plain-

tiff, the mortgagee or his legal or equitable assignee, after due notice, by summons or otherwise, as the court may direct, enter a decree *in personam* against the mortgagor or other party to the suit or proceeding, who is liable for the payment thereof, for the amount of such deficiency; provided the mortgagee or his legal or equitable assignee would be entitled to maintain an action at law upon the covenants contained in the mortgage for said residue of said mortgage debt so remaining unpaid and unsatisfied by the proceeds of such sale or sales; which decree shall have the same effect and be a lien as in a case of a judgment at law, and may be enforced in like manner by a writ of execution in the nature of a writ of *fieri facias* by attachment or otherwise." The effect of those provisions has been considered in a series of cases.

In *Kushnick v. Lake Drive Bldg & Loan Assn.*, 153 Md. 638, 645, 139 A. 446, 449, it was held that one who signed a mortgage only as guarantor of the debt was not liable to a deficiency decree because not amenable to an action at law on the mortgage covenants. The opinion, by Judge Offutt, said: "The liability of the guarantor differs from that of the principal debtor in its origin and in its incidents; defenses may conceivably be open to him which would be closed to the principal debtor, nor is there any provision in the statute for a form of decree which would adequately protect persons whose liability is conditional and not absolute. Again, there is no apparent reason why a mortgagee should be entitled to a deficiency decree against a mere guarantor who could not be sued on the covenants in the mortgage, merely because he could sue the principal debtor thereon, when he would not be entitled to such a decree against persons liable for the mortgage debt in cases where he would not be entitled to maintain an action at law on the covenants contained in the mortgage, and, when the Legislature said that such a decree could only be entered against a party to the proceeding, and then only where the mortgagee could have maintained an action at law on the covenants contained in the mortgage, it must have meant that such a decree could only have been entered against a party to the foreclosure proceed-

ing liable in an action at law on the covenants contained in the mortgage."

In *Bletzer v. Cooksey,* 154 Md. 568, 141 A. 380, a decree for a deficiency resulting from a sale under a mortgage was sustained against a wife who had joined with her husband in its execution. In *Kirsner v. Sun Mortgage Co.,* 154 Md. 682, 141 A. 398, it was decided that a covenantor in a mortgage, who joined in its execution for the purpose of obligating himself as a principal debtor, could be subjected to a deficiency decree, even though he had no interest in the mortgaged property.

In *Gross v. Ben Franklin Bldg. & Loan Assn.,* 157 Md. 401, 146 A. 229, 231, a purchaser of property subject to a mortgage, by an agreement under seal with the mortgagee, obligated himself to "be primarily liable upon all the covenants" contained in the mortgage and for the payment of the mortgage debt, in consideration of the mortgagee's forbearance to foreclose because of past defaults. By that agreement a direct liability to suit on the covenants in the mortgage was held to have been created. In *Allen v. Seff,* 160 Md. 240, 153 A. 54, a deficiency decree was refused as against a person who by an agreement, not under seal, with the mortgagee, assumed the payment of the mortgage debt without any reference to the covenants which the mortgage expressed.

All of those cases were concerned with questions as to liabilities under covenants or agreements directly with the mortgagees. The statutory remedy is sought in this case upon the ground of a covenant to which the mortgagee was not a party.

The assumption by the appellants of the mortgage debt, under the terms of the deed conveying the equity of redemption, created, as between them and the mortgagors, the relation of principal and surety with respect to that liability. *George v. Andrews,* 60 Md. 26, 33; *Chilton v. Brooks,* 72 Md. 554, 20 A. 125; *Warner v. Williams,* 93 Md. 517, 520, 49 A. 559. In the first of the cases just cited the court said:

"In 1 *Jones on Mortgages,* secs. 740, 741, the doctrine is most clearly stated, that, generally one purchasing land subject to mortgage not only purchases the equity of redemption, but purchases the whole estate, and assumes the payment of the mortgage as part of the purchase money. Generally an express agreement is made to that effect (as was done here), and the deed drawn subject to the payment of the mortgage. In such case as between the parties, the purchaser becomes primarily liable for the debt and the mortgagor only security; 'and as between them the mortgaged property becomes the primary fund for the payment of the debt.' The same author says the mortgagee may by his dealings with the purchaser and mortgagor recognize the purchaser as principal and the mortgagor as only security towards himself." In view of the relationship thus resulting, it was held that the mortgagor was discharged from the debt by an agreement, without his concurrence, between the mortgagee and the purchaser for an extension of the time of payment. But the recognition by the mortgagee of the primary liability assumed by the purchaser of the mortgaged property does not make the latter a party to the mortgage and its covenants. The purchaser's liability to the mortgagee rests upon a separate contractual basis. In *Gable v. Scarlett,* 56 Md. 169, where a deed of mortgaged property contained an agreement by the grantee to pay the mortgage debt, it was decided that the holder of the mortgage could not maintain an action on such a covenant, because he was not the covenantee.

The Supreme Court of the United States, in *Keller v. Ashford,* 133 U. S. 610, 10 S. Ct. 494, 497, 33 L. Ed. 667, 672, said: "In equity, as at law, the contract of the purchaser to pay the mortgage being made with the mortgagor, and for his benefit only, creates no direct obligation of the purchaser to the mortgagee. *Parsons v. Freeman,* 2 P. Wms. 664, note; *Id. Amb. 115; Oxford v. Rodney,* 14 Ves. Jr. 417, 424; *In re Empress Engineering Co.,* 16 Ch. Div. 125; *Gandy v. Gandy,* 30 Ch. Div. 57, 67. But it has been held by many state courts of high authority, in accordance with

the suggestion of Lord Hardwicke in *Parsons v. Freeman,* *Amb.* 116, that in a court of equity the mortgagee may avail himself of the right of the mortgagor against the purchaser. This result has been attained by a development and application of the ancient and familiar doctrine in equity that a creditor shall have the benefit of any obligation or security given by the principal to the surety for the payment of the debt. *Maure v. Harrison,* 1 Eq. Cas. Abr. 93, pl. 5; *Bac. Abr. 'Surety,'* D. 4; *Wright v. Morley,* 11 Ves. Jr. 12, 22; *Phillips v. Thompson,* 2 Johns. Ch. (N. Y.) 418; *Curtis v. Tyler,* 9 Paige (N. Y.) 432, 435; *New Bedford Savings Inst. v. Fairhaven Bank,* 9 Allen (Mass.), 175; *Hampton v. Phipps,* 108 U. S. 260, 263, 2 S. Ct. 622 (27 L. Ed. 719, 721)."

The covenant in the deed to the appellants that they should be primarily liable upon all the covenants contained in the mortgage was an agreement exclusively between them and their grantors. It created no direct contractual relationship between the appellants and the mortgagee. Whatever rights and remedies in equity may have inured to the mortgagee from the covenants in the deed for the assumption and payment of the mortgage debt by the grantee, we must hold that the covenant is unavailable to the mortgagee in an action at law. Since a deficiency decree, under the statute providing for such a remedy, is obtainable only against parties suable at law upon the covenants in the mortgage, and since such action could not be maintained against the appellants, our conclusion is that the demurrer to the motion for a deficiency decree in this case should have been sustained.

The case of *Hartford Accident & Indemnity Co. v. Knox Net & Twine Co.,* 150 Md. 40, 132 A. 261, was cited by the appellants in support of the proposition that, independently of any statute, a third person for whose benefit others make a contract may sue for its breach. The principle was there applied in a suit on a contractor's bond in which there was an express agreement to pay all persons, who, like the plaintiff, provided labor and materials for the construction to

which the bond referred. In our opinion that principle is not applicable to a case like the one now presented, in which the covenant sought to be utilized by a mortgagee for the purposes of a special statutory proceeding was not made for the mortgagee's benefit, but solely for the advantage of the grantors in the deed in which the covenant was embodied.

*Order reversed, with costs, and motion overruled.*