## ELI J. HACKERMAN *v.* ABRAHAM S. CARMEL.

[No. 45, January Term, 1934.]

*Decided April 4th, 1934.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Joseph Loeffler,* with whom were *Philip V. Hendelberg, Milton M. Hackerman,* and *Isidore E. Levin,* on the brief, for the appellant.

*Sigmund Levin,* with whom was *Saul A. Harris* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

On December 22nd, 1926, the appellee, Abraham S. Carmel, gave a mortgage conveying a leasehold property located at 528 North Central Avenue, Baltimore, to Benjamin Scherr and Annie Scherr, his wife, to secure the payment of the sum of $2,500, payable three years after date, with the interest thereon. The mortgage contained the usual consent decree applicable to Baltimore City, in accordance with the provisions of chapter 123, secs. 720-732, of the Acts of 1898. The mortgage was foreclosed and the mortgagees filed a motion for a deficiency decree, under the provisions of section 731A of article 4 of Code, Pub. Local Laws, 1930 (chapter 327 of the Acts of 1898), for the sum of $1,482.84. The mortgagor, Abraham S. Carmel, filed an answer to this motion, wherein he neither admitted nor denied that there is still remaining due and unsatisfied the amount claimed on the mortgage debt, but denied that he was indebted to the mortgagees in any amount upon their alleged mortgage claim and denied that they were entitled to a decree. Subsequent to the filing of the answer, the mortgagor, Carmel, filed a cross-bill of complaint, to which he made Benjamin Scherr and Annie Scherr, his wife, Herman S. Hackerman and Sophie Hackerman, his wife, and Eli J. Hackerman, parties defendant, wherein he alleges (1) that his wife, Mary Carmel, and Annie Scherr are sisters; that his sister, Esther T. Hackerman, is the wife of Eli J. Hackerman; that Eli J. Hackerman and Herman S. Hackerman are brothers; and that Herman S. Hackerman and Eli J. Hackerman and Carmel are cousins; (2) that on November 28th, 1925, Israel Margolius, father of Sophie Hackerman, wife of Herman Hackerman, died, leaving a will, and that Herman S. Hack-

erman was appointed administrator of his estate and that, among the assets coming into the hands of the administrator, was the leasehold property; (3) that Herman S. Hackerman wanted to buy the property and requested his cousin, Abraham J. Carmel, the appellee here, to take title to the lot for him, which he did, although he alleges that the deed was never delivered to him; that the consideration for the purchase was $2,600, of which $100 was paid in cash and the $2,500 was to be paid within sixty days; that Carmel did not make the cash payment and never received any of the proceeds of the mortgage; that he now believes, and has been so advised, that Herman S. Hackerman was buying the property through him so as to avoid any question as to the propriety of the sale to him individually; (4) that the negotiations for the mortgage to Benjamin and Annie Scherr were made by Herman S. Hackerman; and that he advised them that in the transaction Carmel was merely a "dummy" or "straw man" for Herman S. Hackerman; that by letter, agreement, or other paper writing, Herman S. Hackerman and Sophie, his wife, and his brother, Eli Hackerman, undertook to guarantee the payment of the mortgage, and agreed that in the event of foreclosure they would be responsible for the deficiency, if any; (5) that the whole matter was gone over, explained, and fully understood when the mortgage was executed on the 22nd day of December, 1926, in the presence of both the Scherrs, who were advancing the money to complete the sale, and that no credit was extended to Carmel, and that he was not to be liable for the mortgage debt, and that, on account of the close relationship of all the parties concerned, Carmel felt perfectly secure without the necessity of any written assurances to protect him; (6) that subsequent to the execution of the mortgage, Carmel was never consulted by any of the other participants in the transaction, never collected any of the rents on the leasehold property, never paid any of the taxes, ground rent, or interest, and no demand was ever made upon him by the Scherrs with respect to the expenses or upkeep of the property, and that

the first notice he received from the mortgagees, Benjamin Scherr and his wife, was a notice from their son, who is an attorney, that the mortgage was going to be foreclosed, and he was told by the Scherrs' son that the notice was only being given as a matter of form and that if it became necessary to foreclose and sell they would not proceed against him, but against Herman S. Hackerman and Eli J. Hackerman in the event of any deficiency; (7) that, in accordance with the understanding had in the first place, the Scherrs did make demand upon Herman S. Hackerman and his wife and Eli J. Hackerman for the payment of the deficiency, and that, on or about January 14th, 1931, nearly a year after the foreclosure, the Scherrs proceeded against them upon their guaranty agreement for the recovery of the deficiency, and that Herman S. Hackerman and Sophie Hackerman ignored the suit, and judgment by default was extended against them, and that Eli J. Hackerman has filed pleadings therein, but the case has never been tried against him; (8) that on April 23, 1932, Eli J. Hackerman filed a bill in the Circuit Court of Baltimore City, reciting the fact of the suit against him, that they had made no effort to collect the deficiency from Carmel, the mortgagor, and alleging, among other things, that their refusal to proceed against him was "conceived in and predicated upon fraud", and praying that the Scherrs be compelled to obtain a decree *in personam* against Carmel, and that, although the Scherrs were summoned, they failed to file an answer to the suit of Eli J. Hackerman, and he had obtained a decree *pro confesso* against them. And the bill avers that, in order to avoid a multiplicity of suits, the court should take cognizance of all the matters arising out of this mortgage transaction, and determine the rights and liabilities of all the parties with respect to the subject-matter thereof, and prays a decree exonerating Abraham S. Carmel, the plaintiff, from any liability to any of the parties in the cross-bill arising out of the execution of the mortgage from Carmel to the Scherrs.

The defendant Eli Hackerman demurred to the cross-bill,

and from a decree overruling the demurrer, this appeal is taken. The contention of the appellant in this cause, and the only one argued, is that any rights which the appellee asserts in his cross-bill are available to him on the motion for a deficiency judgment, and in this we agree.

In *Glenn v. Clark*, 53 Md. 580, 601, this court declared that the rule as stated in *Story's Eq. Pl.*, sec. 389, is well settled, that "a bill of this kind which seeks no discovery, and makes no defence which was not equally available by way of answer to the original bill, will be dismissed." And in *Hooper v. Central Trust Company*, 81 Md. 559, 576, 32 A. 505, 508, Judge McSherry said, "It is undoubtedly true that a subject which is not germane to a pending controversy cannot, by means of a cross bill, be injected into the litigation. * * * *Story, Eq. Pl.*, sec. 399. Where a decree on the plaintiff's bill will not determine the litigation, the imperfection may be remedied by one or more cross bills filed by one or more of the defendants against the plaintiffs; and, if this has not been done, and the difficulty appears at the hearing, the cause may be directed to stand over for the purpose."

The plaintiff in the cross-bill, Carmel, makes the sole and single contention that he is not responsible to the Scherrs for any deficiency or liability of any kind under the mortgage; that it was agreed, and the mortgagees so understood, that he was acting for Herman S. Hackerman, and that the money was being advanced for Herman S. Hackerman and not for Carmel. We do not here undertake to say whether he is liable or not. Whether he is or is not liable can be determined on the motion for a deficiency judgment, and it will not help him any to bring the Hackermans into this case, because on the motion for deficiency judgment all the facts which he alleges against them can be offered in evidence.

Another reason why Eli Hackerman should not be made a party is that it does not appear from the cross-bill where there is any privity between him and the mortgagor, Carmel. This appears to have been, according to the allegations of

the cross-bill, Herman S. Hackerman's transaction, and the inference we draw from the facts as alleged is that Eli Hackerman was acting as surety or guarantor for Herman Hackerman to the Scherrs, and, if they want to hold Eli Hackerman responsible, they ought to do that in the proceedings they now have pending against him.

The whole question here is as to whether Carmel is responsible to the Scherrs for the deficiency under the mortgage executed by him to them, and, if he is not, then their only recourse, which we do not here decide, is against all the Hackermans.

Herman Hackerman apparently got Carmel into all this trouble, and whether there is any liability from him to Carmel depends on the outcome of the motion for a deficiency judgment, made by the Scherrs against Carmel. So far as Carmel is concerned, there is no multiplicity of suits. He is not concerned in the transaction between the Hackermans and Scherr. That is the concern of the Hackermans, who are in such a position with relation to the mortgage that a deficiency judgment cannot be entered against them, but recourse must be had to a suit at law on their indemnity or guaranty agreement with the Scherrs. *Scherr v. Preston Permanent Bldg. & Loan Assn.*, 166 Md. 106, 179 A. 197. The only parties concerned in this appeal are Eli Hackerman and Abraham S. Carmel; as between these two, the demurrer should have been sustained, not only because in the opinion of this court all the relief claimed by the plaintiff in the cross-bill and appeal here is available to him on the motion for a deficiency judgment, but for the further reason that the bill does not sufficiently show any liability from Eli Hackerman to Carmel, appellee, on the guaranty or indemnity agreement, given by Herman Hackerman and his wife and Eli Hackerman to the Scherrs.

*Decree reversed, with costs to the appellant.*